ALTON B. COWLES *v.* ZONING BOARD OF APPEALS OF THE TOWN OF MANCHESTER ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, JS.

Argued October 13—decided October 28, 1965

*Robert W. Gordon,* for the appellant (plaintiff).

*Eugene T. Kelly,* with whom, on the brief, were *Leon Podrove* and *William B. Collins,* for the appel-

lee (defendant Miller) ; with him also was *Irving L. Aronson,* for the appellee (named defendant).

MURPHY, J.   Maxwell L. Miller conducts a retail drugstore in a business zone 1 in Manchester. The sale of alcoholic liquor is prohibited in that zone. The defendant zoning board of appeals, on November 18, 1963, granted Miller's application for a variance to permit the retail sale of alcoholic liquor in his drugstore.   The plaintiff, a nearby resident and taxpayer, appealed to the Court of Common Pleas, which dismissed the appeal. This appeal followed.

The plaintiff, as a taxpayer, is an aggrieved person in a case in which traffic in liquor is involved without having to show that he has an interest peculiar to himself.   *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 660, 145 A.2d 832.   As such, he can prosecute his appeal.

The board gave as its reason for granting the variance:   "There will be no liquor display and it will be limited to a confined area.   Unique hardship because its [sic] isolated from business area."   The first reason makes no sense.   If there is to be no display, it is difficult to understand how it could be limited to a confined area.   The zoning regulations in Manchester make no provision for a variance for a "unique hardship."   From the record of the hearing before the board, Miller considers his situation unique in that "it's the only drugstore in Town thats [sic] situated all by itself, or doesn't have the sale of liquor to complement and integrate its sales as a drug store."   He is disappointed that the business area in which he located his store nine years before has not grown into the neighborhood shopping center which was then envisaged.   At most

that would be an economic hardship, and we have repeatedly held that such a hardship as well as disappointment in the use of the property is not sufficient for a variance. *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 662, 211 A.2d 687, and cases cited. The trial court should have sustained the appeal.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.