JOSEPH T. DOLAN ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF FAIRFIELD ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued April 2—decided May 7, 1968

*Austin K. Wolf,* with whom was *Stuart A. Epstein,* for the appellants (plaintiffs).

*Donal C. Collimore,* with whom, on the brief, were *T. F. Gilroy Daly* and *John T. Fitzpatrick,* for the appellees (defendant Cobb et al.).

*John J. Darcy,* for the appellee (named defendant).

THIM, J. The defendants John Cobb and William Whitehead propose to lease certain property owned by Mitchell Stock for the purpose of operating a restaurant business. Cobb and Whitehead desire a restaurant liquor permit to sell alcoholic beverages in conjunction with their proposed restaurant operation. Because Stock's property is located

within 1500 feet of the entrance to another building used for restaurant purposes which is presently operating with a restaurant liquor permit, Cobb and Whitehead, joined by Stock, filed with the defendant board an application for a variance of the zoning regulation which prohibits the use of premises for the purpose of selling alcoholic beverages if those premises are within 1500 feet of the entrance to premises operating under a similar permit. Fairfield Zoning Regs. § 3, div. 5 (2) (1961). After a hearing, the board voted to grant their application. The plaintiffs appealed to the Court of Common Pleas, which dismissed their appeal. The present appeal followed.

Because the variance which was granted relates to the sale of alcoholic beverages, the status of the plaintiffs as taxpayers in the community entitles them to prosecute this appeal. *M. & R. Enterprises, Inc.* v. *Zoning Board of Appeals,* 155 Conn. 280, 281, 231 A.2d 272; *Cowles* v. *Zoning Board of Appeals,* 153 Conn. 116, 117, 214 A.2d 361.

It is the plaintiffs' claim that there was insufficient evidence from which the board could find unusual hardship and that the trial court erred therefore in dismissing their appeal.

The record discloses these pertinent facts: Stock owns a parcel of property known as 4147 Black Rock Turnpike in Fairfield. On Stock's property is a building, the interior of which is adapted for use as a restaurant. From 1948 until 1962, a restaurant, with a restaurant liquor permit, was operated on the premises. In 1962 the restaurant discontinued operation, and the permit was allowed to lapse.

Subsequent to the cessation of the restaurant business on Stock's property and the lapse of the permit, another restaurant, with a restaurant liquor

permit, began operation within 1500 feet of Stock's property. It is the existence of this restaurant, which is operating with a restaurant liquor permit, which necessitated the application for a variance.

Cobb and Whitehead will lease Stock's property only if they can obtain a restaurant liquor permit for the premises. It is problematical whether a restaurant could be profitably operated at this location without such a permit. Stock has been unable to sell or lease the premises for restaurant purposes because of the lack of a permit. The building on the property would have to be substantially altered in order to use the building for other than restaurant purposes.

After hearing the foregoing testimony, the board granted the application for a variance. The board has all the powers conferred on zoning boards of appeal under the general law. See 25 Spec. Laws 719; Fairfield Zoning Regs. § 14 (1961); see also *Makar* v. *Zoning Board of Appeals,* 150 Conn. 391, 393, 190 A.2d 45. It has the power to vary the application of the zoning regulations where, because of some peculiar characteristic of the property, a strict application of the regulations causes an unusual hardship and the variance will promote justice and protect the public welfare. General Statutes § 8-6 (3).

The power to vary the application of zoning regulations should be sparingly exercised. *Allen* v. *Zoning Board of Appeals,* 155 Conn. 506, 510, 235 A.2d 654. The 1500-foot minimum distance regulation is designed to prevent the undue concentration of liquor outlets in a zone where such outlets are allowed. *Kallay's, Inc.* v. *Katona,* 152 Conn. 546, 549, 209 A.2d 185. If the application of this regula-

tion is varied in cases other than those which fall clearly within the specified requirements for a variance, the purpose of the regulation is thwarted.

An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone. *Belknap* v. *Zoning Board of Appeals,* 155 Conn. 380, 383, 232 A.2d 922; *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 143, 215 A.2d 104. It would be a rare case where, owing to conditions especially affecting a given piece of property, a regulation which prescribes a minimum distance between certain types of liquor outlets would cause a hardship different in kind from that felt by other properties in the zone. Ordinarily this type of regulation causes only a financial impact in the zones where it applies, and therefore variances of this type of regulation are seldom sustained by the courts. See cases collected in an annotation in 9 A.L.R.2d 877, 890 § 12, and Later Case Service.

An examination of the record in the present case discloses that no hardship exists which would justify the granting of the variance. This court has repeatedly pointed out that evidence of financial disappointment alone is an insufficient basis for varying the application of this type of regulation. See such cases as *Cowles* v. *Zoning Board of Appeals,* 153 Conn. 116, 118, 214 A.2d 361; *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 585, 95 A.2d 792; *Stavola* v. *Bulkeley,* 134 Conn. 186, 191, 56 A.2d 645; see also 2 Yokley, Zoning Law & Practice (3d Ed.) § 15-12. It is not a proper function of a zoning board of appeals to vary the application of

zoning regulations merely because the regulations hinder landowners and entrepreneurs from putting their property to a more profitable use. *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 662, 211 A.2d 687. Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulation to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulation, as applied, bears so little relationship to the purposes of zoning that, as to particular premises, the regulation has a confiscatory or arbitrary effect. See *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals,* 143 Conn. 257, 262, 121 A.2d 637; *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 51, 118 A.2d 894. The board made no finding that the effect of the regulation on Stock's property is confiscatory or arbitrary, and there is no evidence in the record which would support such a finding. *Makar* v. *Zoning Board of Appeals,* 150 Conn. 391, 396, 190 A.2d 45. Cobb stated that he would not lease the property unless a variance was granted and a restaurant liquor permit was obtained. This statement hardly justifies the granting of a variance. Stock testified as to his inability to sell or lease the premises because of the lack of a restaurant liquor permit. There is nothing in the record, however, to indicate the terms and conditions Stock was proposing for the sale or rental of his property and what diminishing effect this regulation has had on the value of the property. Without this information the board could not have found that the regulation's effect on the property was confiscatory or arbitrary.

The record fails to disclose evidence of unusual

hardship wrought by the application of the regulation. The court erred in dismissing the appeal.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.