## Arthur L. Bouvier et al. *v.* Zoning Board of Appeals of the Town of Monroe et al.

Court of Common Pleas     Fairfield County     File No. 92413
AT Bridgeport

Memorandum filed September 11, 1969

*Coles, O'Connell & Dolan,* of Bridgeport, for the plaintiffs.

*Joseph T. Gormley, Jr.,* town attorney, for the named defendant.

*Schatz, Weinstein & Seltzer,* of Hartford, for the defendant The Monaco Construction Company.

MIGNONE, J. This is an appeal from the action of the defendant board in granting a variance to the defendant Monaco Construction Company, hereinafter called the defendant Monaco. There are two essential issues involved. One is the issue whether either or both plaintiffs are properly aggrieved parties entitled to appeal in this court. The other involves the question whether the board acted arbitrarily, illegally and in abuse of its discretion in granting the variance.

I

Taking up first the issue of aggrievement, the court finds the following facts.

1. The town of Monroe adopted zoning regulations in accordance with the provisions of chapter 124 of the General Statutes, "Zoning," § 8-1. The regulations presently in issue, originally adopted prior to 1959, have been amended from time to time and, as set out in the record in this case, were in existence on the second Monday of October, 1967, when the newly adopted town charter became effective.

2. Chapter 3 of the town's charter adopted under the provisions of the Home Rule Act (General Statutes, c. 99), provides for the appointment by the town council of a town manager, who is the chief administrative officer of the town. Section 3 thereof provides that the town manager shall appoint for a term of two years various town officials, including a zoning enforcement officer.

3. Chapter 4 of the charter provides for elective officers, including an elected planning and zoning commission of five members.

4. Chapter 9, entitled "Administrative Officers," provides for a public works department.

5. The charter does not deal with zoning in the town of Monroe and in no way changes the powers and duties of the planning and zoning commission.

6. On the evidence adduced, the plaintiff Bouvier was first employed by the planning and zoning commission on November 4, 1968, as the planning administrator.

7. In December, 1968, Claude Betterton was appointed a building inspector and zoning inspector and zoning enforcement officer, effective January 2, 1969.

8. The defendant Monaco purchased a parcel of land in the town of Monroe situated in an area designated "Industrial Park District" pursuant to the zoning regulations of the town of Monroe. Thereafter, it submitted plans for the use of this land, including the construction of certain buildings and the use of an area for outside storage of equipment and vehicles of approximately 54,650 square feet.

9. The defendant Monaco was informed that the proposed outside storage area was in conflict with the zoning regulations since these require that the outside storage area cannot exceed in ground area coverage more than 50 percent of the coverage of the building or buildings.

10. Thereafter the defendant Monaco, instead of changing its plans, elected to petition the zoning board of appeals for a variance of § 9.3.8 of the zoning regulations as to storage area.

11. On January 21, 1969, a public hearing was held at which officials of the defendant Monaco

appeared to press the petition and were supported by representatives of the board of finance, the Monroe chamber of commerce, the Monroe economic development commission, and the Monroe town manager.

12. Following the public hearing, at the executive session, the zoning board of appeals unanimously approved the petition for a variance, stating as the reason for its approval that "based on the nature of the business there is a storage hardship if strict interpretation of the regulations . . . [is] applied."

13. Legal notice of the board's decision was published on January 29, 1969. On February 5, 1969, the plaintiff Bouvier was appointed zoning enforcement officer by the planning and zoning commission and was directed to appeal the decision. The instant appeal was filed, listing as plaintiffs Arthur L. Bouvier and William E. Plumer, the latter "individually and as Chairman of the Monroe Town Planning and Zoning Commission."

14. The appeal was timely filed.

On the basis of this essential fact situation, the defendants rely on the defense, as set out in their briefs, that neither of the plaintiffs can qualify as an aggrieved party to pursue this appeal in this court. The court must agree that the plaintiff Plumer, in his individual capacity and owning property, is not properly aggrieved. This leaves the issue whether the plaintiff Bouvier, who is alleged in the complaint to be the "duly appointed agent of the Monroe Town Planning and Zoning Commission for the enforcement of zoning pursuant to said zoning regulations and the General Statutes of the State of Connecticut," and the plaintiff Plumer, as chairman of that commission, can properly qualify as aggrieved parties.

The defendants attempt to support their claim by relying on the newly adopted charter granting to the town manager the power to appoint a zoning enforcement officer and on the fact that Claude Betterton had been so appointed, effective January 2, 1969. The defendants further stress the fact that the plaintiff Bouvier was not appointed enforcement officer by the town planning and zoning commission until February 5, 1969, subsequent to the action of the zoning board of appeals granting the petition in issue.

Inherent herein is the determination by this court as to whether the zoning regulations or the charter must control. As previously stated, the charter contains no zoning regulations or provisions other than to make reference to the elective planning and zoning commission (c. 4 § 8) and to an appointive zoning board of appeals (c. 5 § 6). Section 8 makes no reference whatever to the powers of the planning and zoning commission. Section 6 states that the board "shall have all powers and duties conferred or imposed by the General Statutes on zoning boards of appeals."

Section 17 of the zoning regulations, entitled "Enforcement," provides in § 17.1: "The Building Inspector of the Town of Monroe and/or an Agent so appointed by the Planning and Zoning Commission is hereby designated as the officer with full power to enforce these Regulations. In carrying out his zoning enforcement duties, the Building Inspector and/or an Agent so appointed by the Planning and Zoning Commission, shall work under the guidance of the Planning and Zoning Commission." Section 17.3 provides that: "No land shall be used . . . until a Certificate of Zoning Compliance shall have been issued therefor by the Building Inspector and/or Agent so appointed by the Planning and

Zoning Commission, showing that the proposed use and construction are in accordance with these Regulations."

Although the defendants claim the contrary, the status of the plaintiff Bouvier as zoning enforcement officer entitled to appeal must be decided in this court and does not depend upon whether he was an aggrieved party as of the time the zoning board of appeals made its decision effective by publishing it, as required. If the plaintiff Bouvier is the duly appointed zoning enforcement officer, he is entitled to appeal under the provisions of § 8-8 of the General Statutes. This section reads: "Any person or persons severally or jointly aggrieved by any decision of said board, . . . or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published . . . take an appeal . . . ." It must be emphasized that this particular section of the zoning statutes has remained virtually intact as to its wording since its original enactment in 1925. Section 11 of chapter 242 of the 1925 Public Acts is exactly the same as the above-quoted language from the present § 8-8 as to who has right to appeal.

The pivotal case which appears to control herein is *Olson* v. *Avon,* 143 Conn. 448, 452, which holds that once a town which is not a consolidated town and city adopts zoning regulations giving a zoning commission the right to enact, amend or repeal zoning regulations, the commission is for that purpose the legislative agency of the town, and the zoning powers of the town are to be exercised through its zoning commission. *Burke* v. *Board of Representatives,* 148 Conn. 33, 43, points out that "[o]nce a zoning commission has adopted zoning regulations . . . the municipality is powerless to amend them."

As the representative of the public interest with regard to the enactment, amendment and overall enforcement of zoning regulations, the plaintiff Plumer, in his capacity as chairman of the planning and zoning commission, is an aggrieved person within the purview of § 8-8 and as such was entitled to appeal. *Milford* v. *Commissioner of Motor Vehicles,* 139 Conn. 677, 681. The fact that the charter, in chapter 9, "Administrative officers," subsection (f), puts the zoning officer under the public works department and states that he shall be the enforcement officer of the planning and zoning commission is in no way controlling. *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655.

The zoning regulations themselves contain no provisions for amendment or repeal, so the state statute (§ 8-3) making provision for amendment, change or repeal is effective and controls.

The charter adopted by the town of Monroe clearly makes no change in the zoning regulations themselves. It simply makes provision for an elective planning commission and an appointive zoning board of appeals. The powers of these respective bodies are not touched or changed. The zoning board of appeals, appointed by the town council under § 6 of chapter 5 of the charter, is still stated therein to have "all powers and duties conferred or imposed by the General Statutes on zoning boards of appeals." Section 2 (f) of chapter 9 of the charter provides that "[t]he zoning enforcement officer shall be the enforcement officer of the planning and zoning commission and shall perform such other duties as may be prescribed by the town manager or town ordinance." It is manifest that even under these charter provisions the zoning enforcement officer is the agent of the commission to enforce the zoning regulations.

Patently, under the zoning statute granting the right to appeal, General Statutes § 8-8, a zoning enforcement officer is a proper party to appeal. *Dupuis* v. *Zoning Board of Appeals,* 152 Conn. 308, 311, holds that a building inspector, as the zoning officer "charged with the enforcement of the decision of the board," was authorized to take the appeal. The case of *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 658, which held that the zoning commission itself was not a proper party to take the appeal, based its decision on the fact that the Woodbridge zoning ordinance specifically provided that the zoning regulations "shall be enforced by the selectmen or their duly authorized agent." But in the instant matter the enforcement of zoning regulations is made part of the zoning regulations themselves (§ 17, "Enforcement").

In *Mabank Corporation* v. *Board of Zoning Appeals,* 143 Conn. 132, where a conflict existed between a charter provision and the zoning regulations adopted pursuant to general statute, it was held that the statute prevails.

On the issue of the rights of either or both plaintiffs to appeal, the court concludes as follows:

1. The zoning regulations must control over the charter as to zoning and zoning enforcement in the town of Monroe.

2. The regulation of zoning and the overall authority to enforce zoning regulations lie in the zoning commission.

3. The zoning commission has the authority under § 17.1 of the zoning regulations to appoint an officer with full power to enforce the regulations. Such an officer is the agent of the commission.

4. A proper function of the commission, acting through its agent, is to see to it that "[n]o land shall be used" unless the use is in accordance with the zoning regulations.

5. The commission had authority, notwithstanding the provisions of the charter relating to the appointment of a zoning enforcement officer, to appoint its own agent as the zoning enforcement officer.

6. Since in the town of Monroe the enforcement of zoning regulations is under the overall control and guidance of the zoning commission, the commission itself would be entitled to appeal. *Tyler* v. *Board of Zoning Appeals,* supra. Therefore the plaintiff Plumer, acting in his official capacity as chairman of the commission, is a proper party entitled to appeal.

7. The plaintiff Bouvier, as the duly appointed agent of the commission as its zoning enforcement officer, is entitled to take this appeal.

8. The fact that Bouvier was appointed as zoning enforcement officer on February 5, 1969, after the decision of the board was published on January 29, 1969, did not preclude Bouvier, after being duly appointed, from taking this appeal as the agent of the planning and zoning commission.

9. There is a definite public interest to be protected in the enforcement of zoning regulations, and the zoning commission as the representative of that public interest is entitled to appeal. *Guilford* v. *Landon,* 146 Conn. 178, 179, 180.

10. The charter adopted under the Home Rule Act (General Statutes, c. 99) does not affect the validity of the zoning regulations, which were duly adopted pursuant to chapter 124 of the General Statutes.

11. The plaintiff Bouvier is not appealing in an individual capacity but only as zoning enforcement officer. As the duly appointed enforcement officer, he is entitled to take this appeal. *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665.

12. The fact that the plaintiff Bouvier was appointed zoning enforcement officer subsequent to the decision of the defendant board does not vitiate his right to take this appeal.

13. The court must reject the defendants' contention that Claude Betterton was the only duly appointed zoning enforcement officer.

14. This court agrees with the interpretation of the law set out in *Poulos* v. *Caparrelli,* 25 Conn. Sup. 370, that in a conflict between provisions of zoning regulations and those of a charter adopted under the Home Rule Act, the zoning regulations must prevail.

15. The reliance of the defendant Monaco on subsection (41) of § 7-194 of the General Statutes regarding the home rule powers is not persuasive. This subsection deals clearly with building, plumbing and electrical operations and installations. To argue that this subsection encompasses zoning regulations is unconvincing.

16. Contrary to the defendants' claim, the commission does have the power under § 17.1 of the zoning regulations to appoint a zoning enforcement officer as its agent. The fact that it had not appointed such an officer prior to the defendant board's decision cannot vitiate its exercise of a power clearly vested in it.

17. The court accepts the defendants' contention that the real party in interest in assuring the enforcement of zoning regulations is the municipality

itself, but it is the municipality acting through the zoning commission which must protect this public interest, not the town manager of Monroe.

18. If a general law is inconsistent with the charter, it still must prevail if the general law deals exclusively with the subject involved—namely enforcement of zoning regulations.

## II

Having decided that the plaintiffs Bouvier and Plumer, acting in their official capacities, are properly entitled to take this appeal, the court must now address itself to the issue whether the variance was properly granted. It must be pointed out that the only reason given by the board for granting the variance was that "based on the nature of the business there is a storage hardship if strict interpretation of the regulations . . . [is] applied."

The power of a zoning board of appeals to grant a variance has been spelled out in innumerable decisions of our Supreme Court. *Dolan* v. *Zoning Board of Appeals,* 156 Conn. 426, 430, restates clearly the controlling principle that "[a]n applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." Just as was stated in the *Dolan* decision, "[a]n examination of the record in the present case discloses that no hardship exists which would justify the granting of the variance." Ibid. This court can only restate what has been made patently clear in the decisions—that "evidence of financial disappointment alone is an insufficient basis for varying the application of this type of regulation. . . . It is not a proper function of a zoning board of appeals

to vary the application of zoning regulations merely because the regulations hinder landowners and entrepreneurs from putting their property to a more profitable use." Ibid.

In line with the holding in *Dolan,* supra, 431, there is nothing in the record in this case to show that the application of the limitation as to the amount of storage area permissible would constitute so unbearable a restriction as to be confiscatory or arbitrary. There is no evidence of unusual hardship wrought by the application of the regulation aside from the issue of financial hardship. As is discussed in *Highland Park, Inc.* v. *Zoning Board of Appeals,* 155 Conn. 40, 43, the hardship claimed was one brought about by the defendant Monaco's own action. See also *Gregorio* v. *Zoning Board of Appeals,* 155 Conn. 422; *M. & R. Enterprises, Inc.* v. *Zoning Board of Appeals,* 155 Conn. 280; *Scobie* v. *Idarola,* 155 Conn. 22.

In summary, the court finds that the plaintiffs Bouvier and Plumer, acting in their official capacities, are entitled to appeal. The action of the defendant zoning board of appeals in granting the variance in issue was arbitrary and illegal and therefore cannot be sustained.

The plaintiffs' appeal is hereby sustained.