[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
This is an appeal from a decision of the Wethersfield Zoning Board of Appeals, (Board), whereby it granted the application of Vito P. Ramondetta for a variance to permit the sale of beer at 500 Silas Deane Highway, Wethersfield, Conn. The various was granted by vote of the Wethersfield Zoning CT Page 6046 Board of Appeals on August 24, 1990.
George Allen, Jr., is the owner of the premises. A portion of the property is leased to Vito P. Ramondetta who owns and operates a convenience store at 500 Silas Deane Highway, known as The Corner Store. The premises in question are located within 500 feet of the Silas Deane Middle School.
Article 520, section 5201, of the Wethersfield Zoning Regulations provides as follows: No lot shall be used, and no building shall be erected or altered, which is arranged, intended, or designed to be used for the storage or sale of alcoholic liquors or alcoholic beverages if the nearest point of such lot used for any such purpose, or any use accessory thereto is situated within a radius of five hundred (500) feet from any point on a lot used or reserved to be used for the following purposes: (1) A school; (2) A charitable institution whether supported by public or private funds; and (3) A church, public library, public park or playground.
The plaintiff, Peter Manousos, is a resident and taxpayer of the Town of Wethersfield.
The plaintiff, Leo Papas, is a resident and taxpayer of the Town of Wethersfield.
The plaintiff, Steven L. Leon, is a taxpayer of the Town of Wethersfield.
The record reflects that a public hearing in the instant application was held on August 27, 1990. After the heating, the Board voted to grant the application for one year. The vote was four to one.
On August 31, 1990 the Board caused to publish notice of its decision. This appeal follows:
 II.
The plaintiffs claim that as taxpayers and residents of the Town of Wethersfield, they are adversely affected and aggrieved by the action of the Board in granting a variance to permit the sale of beer on the premises.
Conn. Gen. Stat. 8-8(b) provides that any person aggrieved by any decision of said board, may within 15 days from the date when notice of said decision is published, take an appeal to the Superior Court.
In Cowles v. Zoning Board of Appeals, 153 Conn. 116, 117, CT Page 6047 the court stated:
 The plaintiff, as a taxpayer, is an aggrieved person in a case in which traffic in liquor is involved without having to show that he has interest peculiar to himself.
At a hearing held on July 16, 1981, the plaintiff, presented evidence that he resides at 138 Thornbush Road, Wethersfield, and also owns two business in Wethersfield: Manousos Brothers at 1414 Berlin Turnpike and Manousos Wines and Liquor at 398 Silas Deane Highway. Both are liquor outlets.
The states of the plaintiffs as taxpayers entitles them to prosecute this appeal. M. R. Enterprises, Inc. v. Zoning Board of Appeals, 167 Conn. 596.
The defendants argue that the above rule on aggrievement does not apply to the plaintiff, who it is claimed, is involved in the sale of alcoholic beverages in the Town of Wethersfield. The defendants have cited no authority for this proposition, therefore, the court finds that the defendants have not sustained their burden of proof on this issue.
Accordingly, it is concluded that the plaintiffs have established that they are aggrieved by the action of the defendant Board and aggrievement is found.
 III.
The plaintiffs claim that "the Zoning Board of Appeals acted illegally, arbitrarily, and abused its discretion in granting Vito P. Ramondetta's application in that there was no substantial evidence of exceptional difficulty or unusual hardship before the Zoning Board of Appeals, as required by C.G.S. 8-6 and Wethersfield Zoning Regulations 7104."
In an appeal from a decision from a local zoning authority, the court's task is limited to determine whether the zoning board acted arbitrarily or illegally or in abuse of its discretion. Toriello v. Zoning Board of Appeals, 3 Conn. App. 47.
When a zoning board states its reasons for its decision, the Superior Court on appeal may only determine of the reasons are supported by the record. If no reasons are stated, the court must review the record to find a basis for the action of the board. A. P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182.
IV. CT Page 6048
The powers of a Zoning Board of Appeals are restricted to those enumerated in the Wethersfield Zoning Regulations and in Conn. Gen. Stats. 8-6. When considering an application for a variance, the powers and duties of the Zoning Board of Appeals are:
 "to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely within respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. No such board shall be required to hear any application for the same variance or substantially the same variance for a period of six months after a decision by the board or by a court on an earlier such application."
Conn. Gen. Stat. 8-6 (as rev'd 1989).
A local zoning board has the power to grant a variance under Conn. Gen. Stat. 8-6(3) where two basic conditions are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plans, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Whittaker v. Zoning Board of Appeals, 650, 655 (1980).
The courts do not and should not substitute their judgment of that of the local authority. Raybestos-Manhattan, Inc. v. Planning Zoning Commission, 186 Conn. 466, 469 (1982). Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707 (1988).
 V.
The record reflects Vito P. Ramondetta, filed an application for a variance dated July 16, 1990. He sought a variance to permit the sale of beer. CT Page 6049
On the application, are the following questions: "Is hardship claimed", the answer to which was no and "If so, what is the specific hardship", this was left blank.
The main reason stated by the applicant at the hearing, was that his business was down about 10% and that he was looking for other items to sell. Also that his customers were asking for beer. Therefore he is seeking a variance.
The transcript of the hearing indicates the following:
 In approving this variance, the Board took into consideration the fact most any business in Town that would come before us for a variance such as this, a liquor variance, would be near a school or another serving establishment or a church. And I believe that we recognized that this restricted the motion to a one (1) year period to get a better look at it. Part of the rationale was based on the fact that others we have approved in the past have not caused us difficulties.
Our supreme court has stated that evidence of financial disappointment alone is not in and of itself a basis for granting a variance. Dolan v. Zoning Board of Appeals,156 Conn. 426. A Zoning Board of Appeals may not vary the application of its regulations because the regulations impair one from putting their property to a more profitable use. Dolan, supra.
It is the function of the zoning board of appeals to protect the interest of the individual landowners by granting a variance when the regulations impose on him a hardship of the mature described in the statute. Adolphson v. Zoning Board of Appeals, supra. 715.
"When a zoning board states the reasons for its action, the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply under the zoning regulations." Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, 152-3 (citing) DeMaria v. Planning Zoning Commission, 159 Conn. 534, 540
(1970).
In considering the request for granting of a variance, the local zoning board was required to address the two conditions of Conn. Gen. Stat. 8-6(d). The two issues to be addressed are the affect on the comprehensive zoning plan and the issue of CT Page 6050 hardship. Conn. Gen. Stat. 8-6(3) (as rev'd 1989).
Therefore, an applicant has the burden of proof to establish to a local zoning authority the existence of the two conditions enunciated in Conn. Gen. Stat. 8-6. It follows that the zoning authority must find the existence of the two conditions to grant a variance.
The record reveals that the applicant did not demonstrate an exceptional difficulty or unusual hardship nor did the Board make such a finding.
The reasons cited by the Board in granting the variance, relate to businesses in general and falls short of finding that the two conditions required by Conn. Gen. Stat. 8-6 apply to the applicant's property.
The applicant neither asserted nor proved the required hardship as to his property and the Board improperly granted the variance in that the record is devoid of the Board addressing the issues of the affect on the comprehensive plan and the issue of hardship.
The plaintiffs have sustained their burden of proof to overturn the action of the Zoning Board of Appeals of the Town of Wethersfield. Therefore, the plaintiff' appeal is hereby sustained.
Stengel, J.