[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by plaintiff, Eric Treaster, from the action of defendant Zoning Board of Appeals of the City of New London in denying plaintiffs application for a variance of § 614.D.1 and § 614.J of the New London Zoning Regulations. For reasons hereinafter stated, the decision of the board is affirmed.
Plaintiff has appealed under the provisions of General Statutes § 8-8 (b), which provides that "Any person aggrieved by any decision of a board may take an appeal to the superior court . . ." To establish the aggrievement required by statute, so as to be entitled to an appeal, the zoning board's decision, a party must allege facts which, if proven, would constitute aggrievement as a matter of law and prove the truth of those factual allegations. Jolly, Inc. v. Zoning Board ofAppeals, 237 Conn. 184 (1996). Here, plaintiff has alleged aggrievement. The record indicates that the owner of the real CT Page 12545 property in question was Eric B. Treaster revocable trust and that the applicant for the variances was Eric Treaster, trustee. From the evidence, it must be concluded that plaintiff has a substantial interest in the real property involved in the applications and is the real party at interest. Plaintiff meets the test as set forth in Richards v. Planning ZoningCommission, 170 Conn. 318, 323-324. It is, therefore, concluded that plaintiff has established that he is aggrieved and has standing to prosecute this appeal.
No questions have been raised as to any jurisdictional issues. All notices appear to have been published and no jurisdictional defects have been noted. The record indicates that the real property involved in the application for variance was located at 57 Faire Harbour Place. This property is located in an R1-A zoning district within the City of New London.
Plaintiff's property at 57 Faire Harbour Place is a legal, nonconforming use. The building was constucted in 1905 as an 18-room hotel. In the 1920s, the building was expanded towards the rear and was converted into an apartment house. At the time of the application, the building contained five studio apartments and nine one-bedroom units. The zoning regulations require 18 parking spaces for the 14 apartments, but only nine were available at the time of the application. Parking is a serious problem because frequently there are more than one vehicle per unit. At one time, tenants had 27 vehicles.
On August 19, 1998, plaintiff applied to the board for the variances which are the subject of this appeal. The variances would allow additional parking spaces on the premises. The exceptional difficulty or unusual hardship claimed in support of the variances was stated on the application as "expansion of L 
M Hospital's eliminated on-street parking for residents." "Additional on-site parking now necessary to mitigate hardship to residents."
The application was considered at a public hearing on September 24, 1998. No action was taken by the board on that date and the matter was rescheduled at a number of times. At a November 20, 1998, meeting, at the suggestion of the board, plaintiff requested a 65-day extension of the time required for the board to act on the applications. At a meeting held December 17, 1998, the board voted to deny the variance applications and plaintiff instituted this appeal. In denying the variances, the CT Page 12546 board did not state the reasons for its action on the record. Where, as here, the board fails to state the reasons for its action on the record, the court must search the record to attempt to find some basis for the action taken. Grillo v. Zoning Boardof Appeals, 206 Conn. 362, 369 (1998).
At the public hearing, plaintiff testified as to the parking problems facing his tenants. On-site parking was inadequate. The only alternative was to park at the curb on the street. Problems with on-street parking were exacerbated, plaintiff testified, by the expansion of Lawrence Memorial Hospitals and the renovation of its emergency room. This expansion resulted in employees of and visitors to the hospital parking on the street, making it almost impossible for his tenants to park there. In an attempt to reduce the problem, parking had been restricted to two hours or residents only. This has not helped plaintiffs tenants because they usually cannot qualify as residents and the two-hour restriction makes parking impractical. The situation has resulted in many of the tenants being required to leave their vehicles parked on nearby streets and then walk, frequently late at night, back to plaintiffs building.
Plaintiff fears liability from this situation which also decreases his ability to rent apartments.
The minutes summarize the hardship stated by plaintiff as:
(1) The lack of parking increases the applicant's liability;
(2) It hampers the applicant's ability to rent apartments;
 (3) The only way to bring this building into conformity would be to demolish the rear part of building and the fire escape — this is not feasible.
To help resolve this parking problem, plaintiff sought to pave a portion of the front yard to allow additional parking spaces.[1] Section 614.D.1 of the New London Zoning Regulations, which covers the layout and location of off-street parking facilities, specifically states that parking shall not be permitted within the front yard in R1-A districts. By his
application, plaintiff seeks exemption from this requirement.
If the application were granted, plaintiff testified that his CT Page 12547 property would be more conforming and would have more on-site parking spaces. Section 614.J of the regulations requires that he have 18 on-site parking spaces. The variance of § 614.J requested would reduce the number of spaces required to the number of spaces actually available.
In deciding appeals such as we have here, the court operates under certain restrictions. The court is not at liberty to substitute its judgment for that of the administrative tribunal.Hall v. Planning Zoning Board, 153 Conn. 574, 577 (1966). The court may only determine whether the board acted arbitrarily or in abuse of its discretion. Raybestos-Manhattan, Inc. v. Planning Zoning Board, 186 Conn. 466, 470 (1982). The decision of defendant Board may be reversed only if it is found that the Board's action was illegal, arbitrary or in abuse of discretion.Cameo Park Home, Inc. v. Planning Zoning Commission,150 Conn. 672, 677 (1963).
The plaintiff has the burden of proving that defendant board acted improperly. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707 (1988).
Plaintiff has appealed the action of the board in denying his application for variances and has stated his reasons as to why the variance should have been granted.
A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations. For these reasons, the granting of a variance is generally reserved for unusual or exceptional circumstances.Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206 (1995).
Defendant board derives its authority to vary the application of the zoning regulations from the provisions of General Statutes § 8-6(3). This statute authorizes the board:
 [T]o determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will CT Page 12548 be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed.
Variances are, in a sense, the "antitheses of zoning." Zoning is regulation by the municipality of the use of land within the community, and the buildings and structures which may be located thereon, in accordance with a general plan. The General Statutes authorize such regulation of land and the use of buildings. Such regulations, however, must be applied uniformly throughout each district. A variance disrupts the conformity and constitutes permission to act in a manner that is otherwise prohibited by the zoning regulations. Simko v. Ervin, 234 Conn. 498, 505-506
(1995).
The two basic conditions which must be met for the granting of a variance are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals,206 Conn. 362, 368 (1988).
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulations has on other properties in the zone. Dolan v. Zoning Board of Appeals,156 Conn. 426, 430 (1968).
Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. Krejpico v. ZoningBoard of Appeals, 152 Conn. 657, 662 (1965).
Before a variance may be granted, plaintiff must establish that because of some peculiar characteristic unique to his property, the strict application of the zoning regulations produces an unusual hardship as opposed to the effect which such regulation has generally in the same zone. Dolan v. Zoning Boardof Appeals, supra, 156 Conn. 430. A review of the record and the transcripts indicate that plaintiff has failed to establish this prerequisite necessary to the granting of a variance. There has been no showing that plaintiffs property is unique. The parking problem is a factor which affects all property owners in the CT Page 12549 area. The basis of plaintiffs problem appears to be that he has a valid nonconforming use. The use, which allows him to operate a multi-apartment rental facility in a residential zone in close proximity to a hospital. The rental of living spaces has changed over the years since the hotel was constructed in 1905 and expanded in the 1920s, but the basic use remains the same. What has changed is the great reliance on automobiles by the residents of plaintiffs building, as well as the other residents of the area and those using the hospital.
There is nothing to show that the parking problem is so unique to plaintiffs property so as to constitute a legal hardship.
The hardship which justifies a board in granting a variance must be one that originates in the zoning ordinances and arises directly out of the application of the ordinance. Pollard v.Zoning Board of Appeals, 186 Conn. 32, 39 (1982). The parking problem which exists in plaintiffs area does not originate in the zoning regulations. It arises out of the intensification of automobile use by plaintiffs tenants and the general public.
There was some discussion at the public hearing that the basis for plaintiffs variance requests was economic and that the additional parking spaces would improve the profitability of his rental property. Plaintiff denied that his claim of hardship was based upon economics. Despite this denial, plaintiffs claims of hardship summarized in the board's minutes appeared to show a claim of economic hardship. That it would be to an applicant's financial advantage to secure a variance does not warrant a relaxation of the zoning regulations on the ground of practical difficulty or unnecessary hardship. Ordinarily, mere financial loss does not constitute a hardship warranting the granting of a variance. Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 662
(1965).
Although plaintiff argued to the contrary, the record indicates that he may still make reasonable use of his property without the variance notwithstanding the parking problems.
Considering all of the evidence in the record, it must be concluded that plaintiff has failed to establish that in denying his application for a variance the board acted illegally, arbitrarily or in abuse of its discretion. CT Page 12550
In his brief, plaintiff made certain claims concerning improprieties and illegalities involved in the denial of his application. Some of the claims involve efforts by the board, acting through its staff, to research the parking problem related by plaintiff at the public hearing. There was no evidence that such efforts or any ex parte communications were improper.Gardiner v. Conservation Commission, 222 Conn. 98, 103 (1992);Hawkes v. Town Plan. Zoning Commission, 156 Conn. 207, 212
(1968). Since plaintiff did not present these claims at trial or introduced any evidence in support of his claims, they will not be considered by the court.
Plaintiff has not established that the board acted illegally.
Accordingly, the decision of the board to deny plaintiffs variance request is affirmed and judgment is rendered for the defendant Zoning Board of Appeals.
Joseph J. Purtill Judge Trial Referee