[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by plaintiffs Albert Giramonti and Janice Giramonti from the action of the defendant Zoning Board of Appeals of the Town of Old Lyme (hereinafter "the Board") in denying their application for a variance.
For reasons hereinafter stated, the decision of the Board is affirmed.
Plaintiffs have appealed under the provisions of General Statutes § 8-8 (b) which provides that: "Any person aggrieved by any decision of a board may take an appeal to the superior court. . . ."
To establish the aggrievement required by statute, so as to be entitled to appeal, a zoning board's decision, a party must allege facts which, if proven, would constitute aggrievement as a matter of law and prove the truth of those factual allegations. Jolly, Inc. v. Zoning Board ofAppeals, 237 Conn. 184, 192 (1996). Here, the plaintiffs have properly alleged aggrievement. The evidence has established that plaintiffs are the owners for the property which was the subject of the variance request, they were the parties who applied for the variance and they continue to hold title to the property. It then must be concluded that plaintiffs are aggrieved and have standing to prosecute this appeal. Connecticut General Statutes § 8-8 (a)(1), Rogers v. Zoning Board ofAppeals, 154 Conn. 484, 488 (1967).
No questions have been raised concerning any jurisdictional issues. All notices appear to have been published properly and no jurisdictional defects have been noted.
The record indicates that plaintiffs are the owners of residential property at 75 Old Colony Road in the Town of Old Lyme. The property was acquired by the plaintiffs on September 5, 1991 and consists of CT Page 3626 approximately 6300 square feet of land located in an R-10 district.
On October 4, 2000, petitioners applied to the Board for a variance from the strict application of eight sections of the Old Lyme Zoning Regulations. The desired effect of the variance would allow plaintiff to convert a seasonal use dwelling to year-round use.
In their application, plaintiffs expressed their claim of hardship as follows: "Owner cannot fully utilize their property. Furthermore, year-round use is permitted in this zone."
Plaintiffs' application was scheduled for a public hearing to be held November 14, 2000. Plaintiffs appeared at the hearing with their attorney and were heard by the Board. After the public hearing had been adjourned, the Board considered the application and, by a unanimous vote, denied plaintiffs' application for a variance stating as its reasons "lack of supportable hardship and uniqueness in its presentation to this Board."
Notice of the Board's decision was properly published and, within the time allowed by statute, this appeal was filed.
In deciding appeals such as we have here, the court operates under certain restrictions. The court is not at liberty to substitute its judgment for that of the administrative tribunal. Hall v. Planning Zoning Board, 153 Conn. 574, 577 (1966). The court may only determine whether the Board acted arbitrarily or in abuse of its discretion.Raybestos-Manhattan. Inc. v. Planning Zoning Board, 186 Conn. 466, 470
(1982). The decision of defendant Board may be reversed only if it is found that the Board's action was illegal, arbitrary or in abuse of discretion. Cameo Park Home, Inc. v. Planning Zoning Commission,150 Conn. 672, 677 (1963).
Where, as here, the Board has stated the reason for its action on the record the court is limited to determining whether the reason assigned is reasonably supported by the record and whether it is pertinent to the considerations which the Board is required to apply under the zoning regulations. Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 544
(1991). The action of the Board must be sustained if the stated reason is sufficient to support it. Goldberg v. Zoning Commission, 173 Conn. 23, 26
(1977).
The plaintiffs have the burden of proving that defendant Board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707
(1988). CT Page 3627
Plaintiffs have appealed the action of the Board in denying the application for a variance. A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations For this reason, the granting of a variance is generally reserved for unusual or exceptional circumstances. Bloom v. Zoning Boardof Appeals, 233 Conn. 198, 206 (1995).
The Board derives its authority to vary the application of the zoning regulations from the provisions of General Statutes § 8-6 (3) and § 52 of the Old Lyme Zoning Regulations.
Variances are, in a sense, the "antitheses of zoning." Zoning is regulation by the municipality of the use of land within the community, and the buildings and structures which may be located thereon, in accordance with a general plan. The General Statutes authorize such regulation of land and the use of buildings. Such regulations, however, must be applied uniformly throughout each district. A variance disrupts the conformity and constitutes permission to act in a manner that is otherwise prohibited by the zoning regulations. Simko v. Ervin,234 Conn. 498, 505-506 (1995).
The two basic conditions which must be met for the granting of a variance are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v.Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulations has on other properties in the zone. Dolan v.Zoning Board of Appeals, 156 Conn. 426, 430 (1968).
Where a disadvantageous situation arises from a voluntary act on the part of the applicant, it cannot be considered a hardship and the Board does not have authority to grant a variance Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 39 (1982). The Board is under no duty to extricate an applicant from a self-created hardship. Pollard v. Zoning Board ofAppeals, supra, 44. Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. Krejpico v. ZoningBoard of Appeals, 152 Conn. 657, 662 (1965).
The Board denied the variance on the grounds that no hardship had been proven. CT Page 3628
Before reviewing the claim set forth in plaintiffs' brief, it is necessary to review the allegations of the complaint which frames plaintiffs' claims of law and fact.
The first paragraph of the complaint states that plaintiffs applied to the Board for a reversal of a decision of the zoning enforcement officer that their residence could be used only as a seasonal residence. C.G.S. § 8-6 (a)(1), and the zoning regulations, allow such appeals but the record here is clear that no such appeal was taken. The only application presented to the Board was for a variance.
Count one of the complaint has not been proven.
Plaintiffs other claims are set forth in paragraphs 4 through 7. The court, however, is required to consider only those matters raised in plaintiffs' brief. Any issue not briefed will be considered abandoned.Shaw v. Planning Commission, 5 Conn. App. 520 (1985). In their brief, plaintiffs contend that their property is a nonconforming use and their requested use is permitted under the zoning regulations. Plaintiffs also contend that the denial of the variance restricts them from the full use of their property. It is significant to note that plaintiffs do not specifically claim in their brief that they have proven an unusual hardship.
 I
Plaintiffs argue in their brief that they have a nonconforming use and they are permitted under the regulations to use their property as a year-round residence. This claim is set forth in paragraph 4 of the complaint.
The record indicates that plaintiffs do have a nonconforming use as to their lot area and the location of the house on the lot. They certainly can maintain the residence as a preexisting nonconforming use in this regard. Plaintiffs, however, desire to use their property as a year-round residence rather than a seasonal residence. If it is their claim that they are entitled to use their property as a year-round residence and that they are entitled to do so under the regulations, then they are not entitled to a variance. A variance is authority granted to enable a property owner to use their property in a manner forbidden by the zoning regulations. It follows then that if the use for which a variance is sought is permitted by the zoning regulations, then a variance cannot be granted. Grillo v. Zoning Board of Appeals, supra, 234 Conn. 372.
A seasonal dwelling is allowed by the regulations in plaintiff's CT Page 3629 zone.[1] The evidence in the record is clear that plaintiffs' residence has been used as a seasonal dwelling. There is no evidence that plaintiffs or their predecessors in title used the property for year-round use so as to create a nonconforming use in that regard. At the public hearing, it was confirmed that this type of nonconforming use did not exist.
 II
Plaintiffs also contend that denial of the variance requested restricts them from full use of their property. This assertion is correct. Without the variance plaintiffs are restricted to using their property for seasonal use only. It cannot be found that the restriction is onerous, however, so as to deprive plaintiffs of the reasonable use of their property. It has not been proven that the application of the regulations to plaintiffs' property greatly decreases or practically destroys its value or any use to which it could reasonably be put or that the regulations, as applied, bear so little relation to the purpose of zoning that, as to their particular premises, the regulations have a confiscatory or arbitrary application. Carlson v. Zoning Board ofAppeals, 158 Conn. 86, 89-90 (1969). It cannot be found that the Board abused its discretion on the basis of this claim.
 III
The Board denied the variance application on the grounds that no hardship had been proven. Proof of hardship is a condition precedent to the granting of the variance. Point O'Woods Association, Inc. v. ZoningBoard of Appeals, supra, 178 Conn. 365. As applicants for a variance, it was incumbent upon plaintiffs to show that because of some peculiar characteristic of their property, the strict application of the zoning regulations produced an unusual hardship as opposed to the general import which the regulations have on other properties in the zone. Dolan v.Zoning Board of Appeals, supra, 156 Conn. 430.
At the public hearing before the Board, plaintiffs entered no evidence explicitly showing that a legal hardship existed with respect to their property. Their was substantial evidence in the record that numerous properties, similar to plaintiffs, existed in the area. These properties were seasonal use residences located on densely developed nonconforming small lots. There was no evidence of any particular characteristic of plaintiffs' property to prove that the strict application of the zoning regulations produced an unusual hardship to them as opposed to the effect of the regulations on the other properties in the zone.
The general import of plaintiffs' evidence before the Board was, as set CT Page 3630 forth in their application, that without the variance they could not fully utilize their property. This, however, does not constitute a legal hardship. Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. Krejpico v. Zoning Board ofAppeals, supra, 152 Conn. 662.
Based upon all of the evidence in the record, it must be concluded that there is substantial evidence in the record to support the reason advanced by the Board for denying the application.
Accordingly, the decision of the Board to deny the variance is affirmed.
 _______________________________________ Joseph J. Purtill, Judge Trial Referee