[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by plaintiff, The John and Joan Linderman Trust, from the decision of the defendant, Zoning Board of Appeals of the Town of Franklin, in denying plaintiff's application for a variance.
For reasons hereinafter stated, the decision of the Board is sustained.
Plaintiff has instituted this appeal under the provisions of Connecticut General Statutes § 8-8b. Section 8-8b limits appeals to persons aggrieved by the decision appealed from. Pleading and proof of aggrievement are essential to establish subject matter jurisdiction over an appeal. Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192
(1996). The question of aggrievement is essentially one of standing.McNally v. Zoning Commission, 225 Conn. 1, 5-6 (1993).
Two broad yet distinct categories of aggrievement exist, classical and statutory. Lewis v. Planning Zoning Commission, 62 Conn. App. 284,288 (2001). Statutory aggrievement exists by legislative fiat. In cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation. Colev. Planning Zoning Commission, 30 Conn. App. 511, 514-15 (1993). Connecticut General Statutes § 8-8 (a) (1) provides that "aggrieved person" includes any person owning land that abuts any portion of the land involved in the decision of the board. The evidence indicates that plaintiff acquired an undivided one-half interest in and to the real property which is the subject of this appeal by warranty deed on July 27, 1999.
Plaintiff has held title to such property at all times relevant to this action. It is therefore found that plaintiff is statutorily aggrieved and has standing to prosecute this action. CT Page 3333
No questions have been raised as to any jurisdictional issues. All notices required to have been published appear to have been published in accordance with the law and no jurisdictional defects have been noted in any stage of the proceedings.
The record indicates that on March 19, 2002, plaintiff applied to the defendant Board for a variance from the application of § 9.2 of the zoning regulations. A public hearing on plaintiff's application was scheduled for May 7, 2002. A public hearing, at which plaintiff was heard, was held before the Board on that date. Subsequent to the public hearing, the Board voted to deny plaintiff's application without stating the reasons for its action.
Within the time allowed by statute, plaintiff instituted the present appeal.
In deciding appeals such as we have here, the court operates under certain restrictions. The court is not at liberty to substitute its judgment for that of the administrative tribunal. Hall v. Planning Zoning Board, 153 Conn. 574, 577 (1966). The court may only determine whether the Board acted arbitrarily or in abuse of its discretion.Raybestos-Manhattan, Inc. v. Planning Zoning Board, 186 Conn. 466,470 (1982). The decision of defendant Board may be reversed only if it is found that the Board's action was illegal, arbitrary or in abuse of its discretion. Cameo Park Home, Inc. v. Planning Zoning Commission,150 Conn. 672, 677 (1963).
The plaintiffs have the burden of proving that defendant Board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707
(1988).
Plaintiff has appealed the action of the Board in denying its application for a variance. A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations. For this reason, the granting of a variance is generally reserved for unusual or exceptional circumstances. Bloom v. Zoning Boardof Appeals, 233 Conn. 198, 206 (1995).
The Board derives its authority to vary the application of the zoning regulations from the provisions of General Statutes § 8-6 (3) and § 3.5 of the Franklin Zoning Regulations.
Variances are, in a sense, the "antitheses of zoning." Zoning is regulation by the municipality of the use of land within the community, and the buildings and structures which may be located thereon, in CT Page 3334 accordance with a general plan. The General Statutes authorize such regulation of land and the use of buildings. Such regulations, however, must be applied uniformly throughout each district. A variance disrupts the conformity and constitutes permission to act in a manner that is otherwise prohibited by the zoning regulations. Simko v. Ervin,234 Conn. 498, 505-06 (1995).
The two basic conditions which must be met for the granting of a variance are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v.Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulation has on other properties in the zone. Dolan v. ZoningBoard of Appeals, 156 Conn. 426, 430 (1968).
Where a disadvantageous situation arises from a voluntary act on the part of the applicant, it cannot be considered a hardship and the Board does not have authority to grant a variance Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 39 (1982). The Board is under no duty to extricate an applicant from a self-created hardship. Pollard v. Zoning Board ofAppeals, supra, 44. Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. Krejpico v. ZoningBoard of Appeals, 152 Conn. 657, 662 (1965).
Where, as here, the Board fails to state the reasons for its action on the record, the court must search the record to attempt to find some basis for the action taken. Grillo v. Zoning Board of Appeals,206 Conn. 362, 369 (1988).
The court is not bound to consider any claim of law not briefed. Shawv. Planning Commission, 5 Conn. App. 520, 525 (1985); Moulton Brothers,Inc. v. Lemieux, 74 Conn. App. 357, 363 (2002).
The land which is the subject of plaintiff's variance application consists of 640 acres and is located in the R-80 zone district. The applicant requested a variance of § 9.2 of the zoning regulations to enable to construction of a residence on the property. Section 9.2 provides:
9.2 ONE USE PER LOT. No lot shall contain more than one principal CT Page 3335 building or use, except as otherwise permitted by these regulations.
A lot is defined by section 2.1 of the regulations as:
LOT: A single tract, parcel or piece of land including the open spaces required by these regulations which is designated as a unit and is under common ownership and control.
The application here was filed by Kathleen L. Ryan, daughter of the trustees. In response to a question on the application requesting an explanation of the change desired noting hardship, Ms. Ryan stated: "Change to allow construction of a second residence on our farm. I work on the farm with my sons from 6:00 a.m. to 8:00 p.m. and would like to build a house on the farm to live in."
An examination of the record indicates that under the definitions in the Franklin zoning regulations, the lot, for which plaintiff sought the variance, was a 650-acre farm with an existing residence. Plaintiff's predecessors in title sold the development rights to the property so that it would now be impossible for plaintiff to subdivide the lot so as to allow an additional residence.
This sale of the development rights, however, could not form the basis of a claim of hardship as required before a variance could be issued since the property was purchased by plaintiff knowing that the development rights had been conveyed to the state. Haines v. Zoning Boardof Appeals, 26 Conn. App. 187, 193 (1991). This does not appear to be a significant issue since the state has agreed to allow the construction of a second residence on the property for Ms. Ryan.
The principal claim advanced by plaintiff is that the denial of the variance prevents the reasonable use of the property.
Testimony at the hearing indicates that Ms. Ryan, the applicant, is the daughter of trustees John and Joan Linderman. Ms. Ryan is the full-time agent and employee of the trust. She runs the farm with the help of her sons. Their work day is from 6:00 a.m. to 8:00 p.m. Residing in Norwich, Ms. Ryan and her sons must commute to the farm on a daily basis. A residence on the farm would be much more convenient. The residence could not be built without the variance. This is the only evidence of hardship found in the record.
The problem here does not arise from the zoning regulations, but from a situation which is personal in nature. Disappointment in the use of property does not constitute the exceptional difficulty or unusual CT Page 3336 hardship required before a variance may be granted. Krejpico v. ZoningBoard of Appeals, supra, 152 Conn. 662. "Personal hardships regardless of how compelling or how far beyond the control of the individual applicant do not provide sufficient grounds for the granting of a variance."Pollard v. ZBA, supra, 186 Conn. 44.
Before the Board may grant a variance, plaintiff must prove that because of some peculiar characteristic of the property a strict application of the zoning regulations would produce an unusual hardship as opposed to the general import which the regulations would have on other properties in the zone. Dolan v. Zoning Board of Appeals, supra,156 Conn. 430. There is no evidence that Ms. Ryan's problem was caused by any peculiar characteristic of the property or that her situation is unique. All property owners in the R-80 zone are subject to the same requirement. The lot here is large in area, but there is no evidence to show that it is unique. The regulations apply evenly to all properties in the zone no matter what the size of the lot.
There was testimony before the Board that the construction of the second house on the lot would not have a negative effect on the town or its residents. It is argued that granting the variance would not affect substantially the comprehensive plan. The comprehensive plan is found in the scheme of the zoning regulations themselves and the zoning map established pursuant to those regulations. Burnham v. Planning Zoning Commission, 189 Conn. 261, 267 (1983). Although the granting of any variance would have a negative effect upon the uniformity of the zoning regulations, the Board argues that the granting of this variance would substantially affect the comprehensive plan since there are many large lots in the town similar to plaintiff's lot and that departing from the strict enforcement of the regulations would disrupt the enforcement of the zoning regulations.
Plaintiff's claim that the variance would not affect the comprehensive plan is unavailing since before a variance may be granted both basic conditions required by Connecticut General Statutes § 8-6 (3) must be found. Grillo v. Zoning Board of Appeals, supra, 206 Conn. 368. In this case, the record fails to show sufficient evidence of the hardship required by law to prove that the Board acted illegally in denying the variance.
Plaintiff also claims that the denial of the application for a variance constitutes an improper taking of the property in violation of Article 1, § 11 of the Connecticut Constitution and the Fifth andFourteenth Amendments to the Constitution of the United States. "[T]he determination of whether a taking has occurred must be made on the facts of each case CT Page 3337 with consideration being given not only to the degree of diminution of the value of the land, but also to the nature and degree of public harm to be prevented and to the alternatives available to the landowner."Cioffoletti v. Planning Zoning Commission, 209 Conn. 544, 562-63
(1989).
Here, there was no evidence that plaintiff's property had been devalued by a failure to grant the variance. The only claim is that the inability to construct a second dwelling on the property would prevent Ms. Ryan from being able to maintain the farm and care for the horses, and if this should occur, it is foreseeable that the farm would not be able to operate.
This claim of possible financial loss resulting from the denial is speculation.
Where a variance is denied, a taking occurs when there is substantial interference with private property that destroys or nullifies its value or when the owner's right to use or enjoyment is to a substantial degree abridged or destroyed. Chapman v. Zoning Board of Appeals,23 Conn. App. 441, 443 (1998).
There is scant evidence that the denial of variance here reduced the value of plaintiff's property or affected, to a substantial degree, plaintiff's right to use or enjoy the property.
Accordingly, the decision of the Board denying the variance is sustained.
 Joseph J. Purtill Judge Trial Referee
CT Page 3338