[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal arises from the action of the Zoning Board of Appeals of the City of Bridgeport in granting an application for a variance filed by the defendant, Eva Rodriguez. A variance is sought to permit the operation of a cafe at 1429 East Main Street, Bridgeport, Ct. with a liquor license for that purpose.
The application in question seeks a waiver of the 1500 foot rule contained in Chapter 17, Section 2 of the Bridgeport Zoning Regulations, which rule essentially prohibits the establishment of a retail liquor outlet within 1500 feet of another such establishment. The defendant, Rodriguez, proposes to lease the premises from its owner, Abraham Omonte, who endorsed the application. The claim of hardship as set forth in the application is that the applicant's lease at her current location has not been renewed by the owner, thus forcing relocation.
The plaintiff, Alclair, Inc., is the owner of a 46-unit residential complex located across the street from the subject premises and alleges to be a taxpayer of the City of Bridgeport, and also that the plaintiff's property is located within 100 feet of such property. The plaintiff claims that the decision of the Zoning Board of Appeals should be overturned because the applicant has failed to demonstrate exceptional difficulty or unusual hardship as required by 8-6 of the Conn. Gen. Statutes and Chapter 21 Sec. 2(e) of the Bridgeport Zoning Regulations. CT Page 4784
The plaintiff has produced evidence from which the court has found that it is an aggrieved party by virtue of being a property owner and taxpayer of the City of Bridgeport See Dolan v. Zoning Board of Appeals, 156 Conn. 426, 428 (1968).
Section 8-6 of the Conn. Gen. Statutes allows a zoning board of appeals to vary the application of zoning regulations where "owing to conditions especially affecting such parcel. . . a literal enforcement . . . would result in exceptional difficulty or unusual hardship. (emphasis added) Chapter 21 Sec. 2(e) of the Bridgeport Zoning Regulations requires the identical showing before the board can vary the zoning laws.
In the case at hand there has been no showing that any claimed hardship pertains to the parcel concerning which a variance is sought. Indeed, the hardship claimed by the applicant is one which is personal in nature in that she maintains that she has been unable to find a suitable location to relocate her restaurant business. In fact, the record reflects that the subject premises was not previously utilized for the purpose contemplated by the applicant, but was used for completely unrelated purposes. (See pg. 3 of transcript).
Even if the court were to consider the hardship claimed, that hardship is purely of a financial nature and accordingly cannot support the granting of a variance Cowles v. Zoning Board of Appeals, 153 Conn. 116, 118 (1965).
For the above reasons, it is the opinion of the court that the Board acted improperly in granting the application for a variance, and the plaintiff's appeal is accordingly sustained.[1]
BRUCE THOMPSON, JUDGE