URSULA ALLEN *v.* ZONING BOARD OF APPEALS OF THE TOWN OF DANBURY ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

 

*Thomas B. Coughlin,* for the appellant (plaintiff).

*Leonard C. Blum,* for the appellee (defendant Barata), and, on the brief, *Richard L. Nahley,* corporation counsel, for the appellee (named defendant).

THIM, J.  The plaintiff resides in a house which she owns on Highland Park Drive, a public road in Danbury.  She appealed to the Court of Common Pleas from the action of the named defendant, hereinafter referred to as the board, in granting a variance in the zoning regulations in favor of the defendant Jack A. Barata, who owns a house on property adjacent to the plaintiff's property.  The court sustained the action of the board, and, from the judgment rendered thereon, the plaintiff appealed to this court.

The trial court found that the plaintiff is aggrieved by the action of the board.

The record discloses these facts: Both the property of the plaintiff and of Barata are in a residential zone, and they adjoin, and face on, a cul-de-sac which is the westerly terminus of Highland Park Drive. The Danbury zoning regulations provide that a house in this zone shall have a front yard of thirty feet and side yards of fifteen feet on each side. Danbury Zoning Regs. § 5.2.1 (1960). Barata's house faces in an easterly direction. Its north side is approximately 12.55 feet from the northerly boundary of his land. Its south side is approximately 23.15 feet from the plaintiff's property.

In May, 1961, the board granted Barata a variance of the front- and side-yard requirements so that he could construct a two-car garage on his property. Barata commenced to build the garage, which was to be attached to the south side of his house. After the garage was partially completed, Barata became aware of the fact that the variance which he had obtained was defective. He then proceeded to file a second application with the board wherein he sought another variance. Although the record does not disclose why the first variance was defective, all parties to this appeal have treated it as having been improperly granted. It was the granting of this second application which gave rise to the appeal.

Barata, in his second application, stated that he sought a variance of the side-yard requirement so that he could complete the erection of the attached, two-car garage on the south side of his house. The garage was to have a flat roof, which was to be used as a sundeck. The south side of the garage was to be approximately two to three feet from the

plaintiff's property instead of the prescribed fifteen feet. Barata also sought a variance from the front-yard requirement to permit the garage to be set back twenty-two feet so as to coincide with the existing nonconforming setback of the house. Barata based his application for a variance on the grounds that snowplowing operations were hampered by his necessity for parking his cars on the street and that a restriction in his deed to the property prevented him from erecting an unattached garage. He claimed there was no room on the north side of his house for the garage and that a septic tank would prevent the erection of a garage to the rear of his house.

A hearing on Barata's application was held by the board in May, 1963. After the hearing the board voted to grant Barata's application. It stated, in substance, that the location of the septic tank system and the lay of the land made it impossible for Barata to locate a garage elsewhere on his property, and therefore a hardship existed.

The plaintiff claims, inter alia, that there was insufficient evidence before the board to justify its conclusions, and therefore its action was illegal, arbitrary and in abuse of its discretion.

Under the Danbury zoning regulations, a two-car, private garage is a permitted accessory use in a residential zone. Danbury Zoning Regs. § 5.1.10 (1960). It is Barata's claim, however, that he cannot put his property to this use unless he receives a variance of the front- and side-yard requirements. The obvious purpose of side-yard requirements is to assure adequate space for light and air between buildings and to reduce fire hazards. See *Pascale v. Board of Zoning Appeals,* 150 Conn. 113, 118, 186 A.2d 377; 2 Yokley, Zoning Law and Practice

(3d Ed.) § 17-5, p. 307. The power of the board to vary the application of these requirements is limited to situations where, because of a condition peculiar to the applicant's property, a literal enforcement of those requirements will result in exceptional difficulty or unusual hardship. See Danbury Zoning Regs. § 24.3.3 (1960). It is incumbent on one seeking a variance to show that his property is peculiarly disadvantaged by the operation of the zoning regulations and not merely that a general hardship, equally applicable to other properties in the neighborhood, results from a strict enforcement of the regulations. *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 143, 215 A.2d 104. A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. See *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 72, 147 A.2d 472; *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals,* 140 Conn. 527, 531, 102 A.2d 316. The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. *Misuk* v. *Zoning Board of Appeals,* 138 Conn. 477, 481, 86 A.2d 180; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 540, 45 A.2d 828. Thus, the power to grant a variance should be sparingly exercised. *Rogers* v. *Zoning Board of Appeals,* 154 Conn. 484, 487, 227 A.2d 91; *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 661, 211 A.2d 687.

In the present case, there is nothing which significantly distinguishes the Barata property from other property located on either Highland Park Drive or on the cul-de-sac. Unless such dissimilarity is shown, the board may not properly vary the application of the regulations. *Ward* v. *Zoning*

*Board of Appeals,* supra, 147. Snowplowing was, not a condition especially affecting the Barata property, but one affecting all parcels in that area. To cooperate with snow-removal operations all that Barata had to do was park his automobiles on his own premises without constructing a garage. When Barata acquired the property, he knew that a restriction in his deed required that any garage he intended to erect would have to be attached to his house. It is apparent from the record that the difficulty concerning the placement of the garage arises primarily out of the restriction contained in his deed rather than out of the strict application of the zoning regulations themselves to his property. The board may grant a variance only when the exceptional difficulty arises out of the strict application of the regulations themselves to the property. *Finch* v. *Montanari,* 143 Conn. 542, 545, 124 A.2d 214; *Devaney* v. *Board of Zoning Appeals,* supra, 542. There is nothing in the record before us which supports the action of the board.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.