[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Thomas S. Pagnam, has appealed from the granting of a variance by the defendant Zoning Board of Appeals of the Town of Madison ("board") upon an application submitted by the defendant William R. Donaldson.
The plaintiff presented evidence from which the court concludes that he is the owner of property located within a radius of one hundred yards of the Donaldson property on Taylor Avenue, Madison, and that he has established aggrievement pursuant to 8-8
CT Page 8723 (1) C. G. S.
The procedural history of the matter is as follows: On June 5, 1990, after the expiration of a prior approval, the defendant board denied an application filed by Donaldson seeking a variance to permit construction of an outbuilding measuring 352 square feet on his residential lot. The proposed storage building would result in twenty-four percent of the lot being covered with structures in a residential zone permitting coverage of only ten percent. No record documents have been filed as to that application, however the board has conceded at page one of its brief that the appellant's statement of the procedural history is correct.
Donaldson filed another application, No. 6516 (Rec. Ex. 10), again seeking to construct an accessory building that would result in coverage of twenty-four percent of the lot and seeking to be allowed to build within three feet of the side boundary and within two feet of the rear boundary, distances less than the six feet required by the zoning regulation. (Rec. Ex. 10). The board granted the application and Thomas Pagnam filed in this court an appeal from the granting of the variance, Docket No. CV90-0304572. Because there was no useable record of the administrative proceedings, the court, Celotto, J., remanded the proceeding to the board. The board repeated the public hearing as to Application No. 6516 and voted to grant the requested variance "with the stipulation that the accessory building be no closer to the lot line then 3 feet on the north side and 2 feet on the east side as specified on the drawing and the storage shed in the southeast corner is to be removed by December 31, 1991."
The board gave the following reason for the granting of the variance: "[t]he Board found that the location of the proposed septic system dictates the location of this accessory building." (Rec. Ex. 6).
A local zoning board has the power to grant a variance pursuant to 8-6 (3) C.G.S. where two basic conditions are satisfied: 1) the variance must be shown not to affect substantially the comprehensive zoning plan, and 2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals,206 Conn. 362, 368 (1988); Whitaker v. Zoning Board of Appeals,179 Conn. 650, 655 (1980). In order to justify the granting of a variance, a hardship must originate in the zoning ordinance and arise directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. Whitaker, supra, at 658. Section 8-6 (3) C.G.S. permits the granting of variances only "owing to conditions especially CT Page 8724 affecting such parcel but not affecting generally the district in which it is situated. . ." and where a variance will be in harmony with the general purpose and intent of the regulations to conserve the public health, safety, convenience, welfare and property value.
Donaldson concedes that he bought his residential property well after the Town of Madison had adopted zoning regulations limiting the percentage of coverage for lots in the zone in which his property is located, an R-2 District. His property is located in an old beach colony in which the lots are smaller than the minimum size adopted by the board after their creation. Those dimensions, set forth in 3.6 (formerly 3.2) of the regulations, are, in relevant part, as follows:
a) minimum lot area: 40,000 square feet. . .
d) maximum building coverage, all buildings: 10% . . . .
Section 11.2 of the regulations states that an accessory building shall not be built closer than six feet to the side or rear lot line.
The reason identified by the board as justification for granting the variance explains why a variance from the setback requirements was granted. The stated reason does not, however, indicate in any way what hardship the board found existed and warranted a variance from the regulation concerning percentage of lot coverage. In other words, the board did not give a reason why it was allowing an additional building in excess of the maximum coverage on an undersized lot, but only its reason for permitting location of that building closer to the lot lines than the zoning regulations permit.
When a board grants a variance, it is required by 8-7 C.G.S. to state the reasons for its action:
 [W]henever a zoning board of appeals grants or denies any. . .variance in the zoning regulations applicable to any property. . .it shall state upon its records the reason for its decision . . . and, when a variance is granted, describe specifically the exceptional difficulty or unusual hardship on which its decision is based.
The board has given no reason for its decision to permit an accessory building resulting in greater than the allowed percentage of coverage of the lot with structures, but has explained only the hardship found with respect to the location of a proposed outbuilding, but not any hardship found to justify a CT Page 8725 variance from the regulations limiting lot coverage.
In such a situation, the court must search the record to attempt to find some basis for the action taken. Grillo, supra, at 369; Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 205
(1989); Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,732 (1988). To uphold a variance, the court must find evidence in the record of hardship sufficient to meet the two-part test for a variance set forth at page 3 above. Smith v. Zoning Board of Appeals, 174 Conn. 323, 327 (1978).
To establish a hardship sufficient to justify a variance under 8-6 C.G.S., an applicant must show not merely that he is thwarted in a desired use of the land, but that he is being completely or almost completely deprived of the use or value of that land. Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146,151-2 (1976); Piccirillo v. Board of Appeals on Zoning,139 Conn. 116, 121 (1952); Devaney v. Board of Zoning Appeals,132 Conn. 537, 542 (1946).
In its brief, the board invokes a statement by the applicant as constituting the basis for a finding of hardship. In the cited testimony, the applicant pointed out that his lot and other lots in the area are between 4,000 and 6,000 square feet in size, far below the 40,000 square foot size required by the zoning regulations and that an unusually high water table in the area resulted in the basement of his house being damp and unsuitable for storage. (Rec. Ex. 1, pp. 17, 21). The applicant stated that the proposed accessory building was to be a one-car garage "with some additional storage to the side." (Rec., Ex 1. p. 21). He indicated that his house has 850 square feet of living space. (Rec. Ex. 1, p. 21).
Difficult in making the particular use of the land favored by the owner — that is, personal hardship — has been held not to be an adequate ground for the granting of a variance. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239, 240 (1972). In Allen v. Zoning Board of Appeals, 155 Conn. 506, 511 (1967) topographical difficulty and a deed restriction as to the location of garages, coupled with the landowner's desire to have a garage on his residential property, were not held to satisfy the hardship standard of 8-6 C.G.S.
The only evidence of hardship that appears in the record is personal hardship — the desire of the applicant to use his property for storage in excess of the area on the ground floor of his home that he chooses to devote to that purpose. This court does not find that the evidence in the record as a whole is sufficient to establish hardship to the standard set forth in the case law cited above. CT Page 8726
Accordingly, finding that the board granted a variance from the maximum lot coverage without adequate evidence of hardship, the court hereby sustains the appeal.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT