[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, plaintiffs have appealed from defendant Bristol Zoning Board of Appeals granting a variance to defendant Forestville Little League, Inc. On April 15, 1993, said Little League had applied for a variance to Section V.A.4.a of the Bristol Zoning Regulations, requesting relief from the maximum 14 foot height allowable for detached accessory buildings. After a public hearing, defendant Bristol ZBA voted on May 4, 1993 to approve defendant Little League's application for the height variance, and notice of such approval was published May 7, 1993. Subsequently, plaintiffs instituted this appeal in a timely fashion and alleged that the actions of defendant Bristol ZBA, in granting the variance, were illegal, arbitrary and in abuse of its discretion.
Plaintiffs Raymond Adamski and Brenda Bayer are owners of property which abuts the school property where the Little League facilities are located and are thereby aggrieved under the provisions of § 8-8(1)(1), C.G.S. CT Page 9056
The facilities of the defendant Little League are located on land at the rear of Green-Hills School. The school property (including the Little League facility) is located in a residential R-15 zoning district. Section V.A.4.a allows accessory buildings and structures in single-family residential zones, subject to the provision that the height of such buildings shall not exceed 14 feet.
Defendant Forestville Little League alleges hardship to justify the variance based (1) on vandalism occurring on ground floor premises and (2) on the doctrine of estoppel, claiming it received permission from town officials to building the second floor to provide a safe storage area, said officials authorizing the construction based on the premise that the proposed structure was a primary use which allows height in excess of 28 feet. Plaintiffs contend that the claims of defendant Little League are insufficient to establish hardship under the provisions of the zoning regulations.
The power to grant a variance should be sparingly exercised. Allen v. Zoning Board of Appeals, 155 Conn. 506,510 (1967). "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." Dolan v. Zoning Board ofAppeals, 156 Conn. 426, 430 (1968). "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved."Whittaker v. Zoning Board of Appeals, 179 Conn. 650,658 (1980).
After a review of the record in this matter and the briefs filed by the respective parties, the court concludes that defendant Little League failed to establish a hardship which is peculiar to its lot or structure and which does not apply generally to lots or structures in that residential zone. In its brief, defendant Little League has failed to discuss the issue of vandalism as a basis for hardship under the application of the zoning regulations, and is indicative of its inability to prove such a claim.
Said defendant also asserts a claim of municipal estoppel, CT Page 9057 alleging it had received permission from municipal officials to construct the addition to its building at its present height of 28 feet. In municipal zoning cases, estoppel may be invoked "(1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations. West Hartford v. Rechel, 190 Conn. 114,121 (1983); Dupuis v. Submarine Base Credit Union, Inc.,170 Conn. 344, 354 (1976). In the instant case, said Little League did not obtain a building permit to construct the addition and at the hearing before the ZBA, only offered vague testimony that some prior elected official had granted oral permission to construct the addition to its present height. A municipality cannot be estopped by the unauthorized acts of its officers or agents. Hebb v. Zoning Board of Appeals, 150 Conn. 539, 542
(1963). Further, it is not the function of a zoning board of appeals to consider matters such as estoppel or laches in determining whether a variance should be granted. The board's power is restricted to that provided by the zoning ordinance in accordance with legislative or statutory enactments. Carini v.Zoning Board of Appeals, 164 Conn. 169, 173 (1972).
Accordingly, since defendant Little League failed to prove a legal hardship peculiar to its lot or structure and which does not apply generally to lots or structures in the same residential zone, the court finds that defendant Bristol Zoning Board of Appeals acted illegally, arbitrarily, and in abuse of the discretion vested in it, in the granting of the application for a height variance.
Although such a finding would normally conclude this appeal, in this matter defendant Little League raised a special defense that the structure at issue has been in existence at the 28 foot height for more than three years prior to the institution of this action, and under the provisions of § 8-13a, C.G.S., such a structure or building shall be deemed a nonconforming use even though it violates the zoning regulations. Both plaintiffs and defendant Little League have briefed the issue of the applicability of § 8-13a.
Plaintiffs allege that § 8-13a is not applicable to the instant matter, claiming that it complained in 1992 to municipal authorities about the height of the structure being in violation of the zoning regulations, and also alleging that the CT Page 9058 aforesaid statute does not apply since this zoning violation relates to height and the statute makes reference to violations in relation to the boundaries of the lot or to violations of the minimum areas of the lot. On the other hand, defendant Little League alleges said statute applies and its structure is now a nonconforming building which is permitted to remain as such.
Said statutes provides as follows:
 Sec. 8-13a. Nonconforming buildings. When a building is so situated on a lot that it violates a zoning regulation of a municipality which prescribes the location of such a building in relation to the boundaries of the lot or when a building is situated on a lot that violates a zoning regulation of a municipality which prescribes the minimum areas of the lot, and when such building has been so situated for three years without the institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to such boundaries or to the area of such lot, as the case may be.
The court has reviewed the legislative history of this statute and the issue was raised on the floor of the House of Representatives whether complaints to municipal officials within this three year period were sufficient to constitute the institution of an action to enforce the zoning regulations. The response was clear that only the filing of an action in the Superior Court would constitute the institution of an action. Accordingly, the filing of complaints by the plaintiffs within the three year period is not the institution of an action to enforce the zoning regulations. The court further notes that the instant action was filed more than three years after completion of the subject structure.
The only remaining issue is whether § 8-13a applies to violations of zoning regulations pertaining to height restrictions as well as to setback requirements of a building on a lot and to lot sizes. The review of the legislative history of the act indicates that the legislature sought to protect structures built in violation of the zoning regulations which had been in CT Page 9059 existence for three years without the institution of an action to enforce the specific zoning regulations being violated. In considering the purpose of this legislative enactment, the court deems the height requirements to be nothing more than an upper boundary restriction similar to the setback requirement from the boundary lines of a lot.
The court finds the height of the situation in issue violates the zoning regulations and that the structure has been in existence for three years prior to the institution of an action seeking to enforce the zoning regulation. Accordingly, the court further finds that the addition constructed by defendant Little League in 1990 is now deemed a nonconforming building.
JOSEPH H. GOLDBERG SENIOR JUDGE