[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, George Jaser, Nicholas Mainero and Jacob Mallin, appeal from a decision of the Milford Zoning Board of Appeals (Board) denying their application for a variance. The plaintiffs' complaint alleges that they are the owners of property located at 182 Milford Point Road, Milford, Connecticut. The complaint further alleges that on or about July 22, 1994, the plaintiffs applied to the Board for a variance to § 3.1.4.1 of the Milford Zoning Regulations (Regulations) to vary the required thirty (30) feet front yard setback to twenty (20) feet in order to construct a single family residence on the premises.
On August 9, 1994, following a public hearing, the Board denied the plaintiffs' application. Such denial was published in CT Page 8716 the Milford Citizen on August 11, 1994.
The plaintiffs allege that in denying their application, the Board acted illegally, arbitrarily and in abuse of its discretion in that:
a. there was proof of exceptional difficulties and hardship as required by General Statutes § 8-6 and by the Regulations.
b. there was proof that strict application of the Regulations would deprive the plaintiffs of reasonable use of the premises; the variance was necessary for the reasonable use of the premises; and such conditions requiring the variance was not created by the plaintiffs.
c. the Board failed to recognize the difficulties and hardships upon which its decision should have been based as required by General Statutes Section § 8-6.
d. the variance requested was in harmony with the intent of the Zoning Regulation and was not injurious to the health, safety and welfare of neighboring residences thereby complying with Section 9.2.2.3.
e. it did not comply with General Statutes § 807 in that it failed to state upon the record reasons for its decision.
The plaintiffs in this case claim that the Board acted in contravention of its authority when it denied the plaintiffs' application for a variance.
General Statutes § 8-6 enumerates the powers and authority conferred upon the Zoning Board. Section 8-6 provides that "[t]he zoning board of appeals shall have the following powers and duties: . . . 3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify CT Page 8717 the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed.
The plaintiffs sought a variance from § 3.1.4.1 of the Regulations which require that the front yard of a dwelling have a minimum set back of thirty (30) feet.
In order to grant or deny an application for a variance, the Board must comply with the strict requirements of General Statutes § 8-7. Such section provides that: "[w]henever a zoning board of appeals grants or denies any special exception or variance in the zoning regulations applicable to any property . . . it shall state upon its records the reason which is varied in its application or to which an exception is granted and, when a variance is granted, describe specifically the exceptional difficulty or unusual hardship on which its decision is based. Section 9.2.2 of the Regulations further provide: [t]o vary the strict application of any of the requirements of these Regulations in the case of an exceptionally irregular, narrow, shallow, or steep lot or other physical conditions for which strict application would result in exceptional difficulty or unusual hardship that would deprive the owner of the reasonable use of the land or building involved. No variance in the strict application of any provision of these regulations shall be granted by the Zoning Board of Appeals unless it finds: . . .
 9.2.2.1 That there are special circumstances or conditions fully described in the written findings of the Zoning Board of Appeals, applying to the land or buildings for which the variance is sought, which circumstances or conditions are peculiar to such land or building, and do not apply generally to land or buildings in the district, and have not resulted from any act subsequent to the adoption of these regulations, whether in violation of the provisions or not; and
 9.2.2.2 That, for reasons fully set forth in the written findings of the Zoning Board of Appeals, the aforesaid circumstances or conditions are such that the strict application of the provisions of these Regulations would deprive the applicant of the reasonable use of such land or building and the granting of the variance is necessary for the reasonable use of the land or building, and that the variance as granted by the Zoning Board of Appeals is the minimum variance that will accomplish this purpose; CT Page 8718 and
 9.2.2.3 That granting of the variance will be in harmony with the purposes and intent of these regulations, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare,
 9.2.2.4 That any variance hereafter granted for a non-conforming use or structure shall become null and void twelve months after such granting, if such non-conforming use or structure shall not have commenced.
When a zoning board has made known on the record the reasons for its actions, "the reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." Fedorich v. Zoning Board of Appeals, 178 Conn. 610,613, 424 A.2d 289 (1979) quoting First Hartford RealtyCorporation v. Plan and Zoning Commission, 165 Conn. 533, 543,338 A.2d 490 (1973). "The action of the commission should be sustained if even one of the stated reasons is sufficient to support it. Primerica v. Planning and Zoning Commission,211 Conn. 85, 96, 558 A.2d 646 (1989). If the record indicates that the Board reasonably exercised its judgment following a hearing, the court must be cautious about disturbing the Board's decision.Raybestos-Manhattan, Inc. v. Zoning Commission, 186 Conn. 466,442 A.2d 65 (1982). If, however, the Board has acted illegally, arbitrarily, or in abuse of its discretion, the court should not hesitate to sustain the appeal. Id.
In order for a zoning board of appeals to properly grant a variance, therefore, two requirements must be met: "1) the variance is shown not to affect substantially the comprehensive zoning plan, and 2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan."Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 709,535 A.2d 799 (1988).
In the instant case, the Board articulated the following reasons for its denial of the plaintiffs' application for a variance: "[i]t was felt by those in opposition that there was no evidence presented to establish a hardship and noted that approval was granted for the non-conforming lot on the basis that CT Page 8719 a structure to be built would comply with setback requirements."
The plaintiffs claimed in their application for the variance that the "front yard setback requirement makes [sic] lot unbuildable because of the unusual shape of the building area restricted by tidal wetlands."
Difficulty in making a particular use of land favored by the owner is mere personal hardship, and is not adequate grounds for granting a variance. Garibaldi v. Zoning Board of Appeals,155 Conn. 506, 511, 235 A.2d 654 (1967). To establish a hardship under General Statutes § 8-6 an appellant must show not only that he is thwarted in a desired use of the land, but that he is being completely or almost completely deprived of the use or the value of that land. Chevron Oil Co. v. Zoning Board of Appeals,170 Conn. 146, 151-152, 365 A.2d 387 (1967).
The subject property according to the Zoning Regulations requires a minimum setback in the front yard of thirty (30) feet in order to construct a building. This lot measures approximately 11,688 square feet but is a legal non-conforming building lot in that it predates the Milford Zoning Regulations. A residence on the premises was destroyed by fire in 1972 and was purchased by the plaintiffs in 1990 in order to construct a single-family residence thereon. This lot is more unique than others because of the presence of tidal wetlands to the rear of the property and as such needs the requested variance. To construct the desired dwelling without wetlands approval would be most difficult.
The Board concerned themselves with the traffic conditions with the residents located close to the street. The court upon their visit took judicial notice that traffic was almost barren.
Even if the Board failed to state the grounds for granting or denying said variance it would not preclude the court from upholding the Board's decision. The court finds the Board's reasoning was inadequate and improperly recorded. Looking at the entire picture would the variance affect the comprehensive zoning plan and be in defiance of the strict letter of the zoning ordinance.
Zoning boards historically were granted almost unlimited power so that the general zoning principals of the area would be upheld and would not depreciate from the general zoning regulations. However, recently boards have relied upon this CT Page 8720 mandate to deny applications for a variance where the obvious change would benefit the entire area. The new structure would enhance property values surrounding the building and the decision of the Board to allow them to build a small, narrow building to conform with the zoning laws whereby said building would certainly be a detriment to real estate values. This is a legal hardship not created by the plaintiffs but by the existence of the rear tidal wetlands.
Therefore, the court finds there is not ample evidence in the record to support the Board's conclusion that the plaintiffs did not suffer a hardship and further the zoning board is misinterpreting the reason for zoning regulations by their decision. The zoning board should have had the plaintiffs submit a plan for the new dwelling to determine its impact on the entire neighborhood.
This court overturns the Board's denial and grants said variance to the plaintiffs.
BY THE COURT,
Mancini, J.