[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The defendant Thomas E. Kinne applied to the defendant Madison Zoning Board of appeals requesting a variance of § 5.6(a) through § 5.6(c) of the Madison Zoning Regulations. The requested variance would reduce the minimum lot area, square footage and lot width and allow a 1.4 acre lot to be divided into two .7 acre lots. Although there is some dispute whether the defendant applicant applied for two variances or three variances, that dispute need not be resolved in view of the court's disposition of the case.
The appellant, William H. McMinn is the Zoning Enforcement Officer of the Town of Madison and together with the Madison Planning and Zoning Commission brought this appeal claiming that they are aggrieved by the Zoning Board of Appeals decision granting the variances.
The defendants filed a motion to dismiss claiming that neither plaintiff was aggrieved by the action of the Board of Appeals. By order dated June 30, 1995, this court dismissed the matter as to the Planning and Zoning Commission, ruling that they were not charged with the enforcement of the regulations, but denied the motion to dismiss as to the zoning enforcement officer and trial was held on his appeal.
AGGRIEVEMENT
The court, in response to the earlier motion to dismiss, has already made a determination that Mr. McMinn, as the officer charged with the enforcement of the regulations, is aggrieved.
DISCUSSION
The plaintiff has raised three issues on appeal. Those issues are as follows:
1. The ZBA failed to comply with § 8-7 of the Connecticut General Statutes by not stating its reasons for granting the variance requested.
2. The defendant Kinne failed to obtain all variances required.
3. The record does not support a finding of hardship. CT Page 13777
The plaintiff is correct that § 8-7 of the General Statutes provides:
 "Whenever a zoning board of appeals grants or denies any special exception or variance of the zoning regulations applicable to any property it shall state upon its records the reason for its decision and the zoning law, ordinance or regulation which it varied in its application or to which an exception is granted and when a variance is granted describe specifically the exceptional difficulty or unusual hardship on which its decision is based." [emphasis supplied].
The plaintiff is also correct that nowhere in the record of this case did the Madison Zoning Board of Appeals comply with this requirement.
Although it is true that § 8-7 provides that the zoning board of appeals "shall state upon its records the reason for its decision," the Supreme Court has held "because the board did not state the reasons why it granted the variance, the court searched the record to find a basis for sustaining the variance." Wnuk v.Zoning Board of Appeals, 225 Conn. 691, 694, 695 (1993). The Wnuk
decision may be contrary to earlier decisions in cases such asPoint O'Woods Association Inc. v. ZBA of Old Saybrook, 178 Conn. 364,368 (1969) and several superior court cases cited in the plaintiff's brief. Nevertheless, although the Wnuk court does not elaborate on the reasons why the apparently mandatory language of § 8-7 is not mandatory, this court is convinced that its obligation is to search the record before it for evidence which would support the hardship.
The plaintiff's second claim is that the defendant Kinne failed to obtain all variances required. The court sees no need to address this claim. If the court sustains the variances which were granted, the question of a missing variance might well be subject to appeal at a later time when a building permit was issued. If the court does not sustain the two variances, which were admittedly applied for, the question of the missing variance becomes moot.
Finally the plaintiff claims that the record does not support a finding of hardship. The court agrees with the plaintiff on this claim. Before the granting of the variance the property in the instant case complied with the Madison Zoning Regulations. It CT Page 13778 appears that the defendant Kinne owned a parcel of land containing 1.4 acres. Previous to the institution of the present action, he received permission from the Planning and Zoning Commission to create a second dwelling unit on his property pursuant to § 24 of the local regulations. That section provided that a second unit could be built on the property as an "accessory apartment." That accessory apartment was a separate free standing single family dwelling. It contained a septic system and a water supply and a certificate of occupancy was issued. The defendant now claims that it is an unusual hardship for him not to be able to sell the main dwelling and the accessory use as two separate dwellings. He argues that "as a result of the restrictive provisions of the zoning ordinance, the use of the property was severely limited, thereby creating a practical difficulty which the ZBA recognized and responded to accordingly and appropriately." Defendant's Brief.
The Supreme Court has held:
 "A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations . . .the power of the board to grant a variance should be used only where a situation falls fully under the specified requirements. . . . Thus, the power to grant a variance should be sparingly exercised."
Allen v. Zoning Board of Appeals, 155 Conn. 506, 510 (1967).
The court has likewise held:
 "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved."
Whitaker v. Zoning Board of Appeals, 179 Conn. 650, 658 (1980).
In the instant case the property complied with the Madison Zoning Regulations prior to the granting of a variance. It is only through the voluntary act of the applicant in asking for and receiving permission to create an accessory use that the claimed need for a variance arises. Having taken advantage of the accessory use apartment conversion, the applicant now seeks to avoid the consequences thereof and further enhance the value of CT Page 13779 his property by seeking a variance. The result of such a variance would be the changing of a conforming lot into two nonconforming lots and the nullification of the restrictions on "accessory apartment" contained in the regulations.
There is a complete failure by the applicant to demonstrate the existence of a bonafide exceptional difficulty or hardship. The applicant makes the argument that he could have declared the existing premises as a two unit condominium and then sold the units individually. While it is not entirely clear to the court from the record before it whether the applicant is correct in this assertion, the court fails to see how the assertion, even if correct, advances the applicant's argument that he has an exceptional difficulty or unusual hardship.
For the foregoing reasons, the appeal is sustained and the variances are declared null and void.
Kevin E. Booth, Judge