[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 21, 1993, the plaintiff, Lucy Khitikian, appealed pursuant to General Statutes § 8-8[1] from a decision of the defendant, the Zoning Board of Appeals of the Town of Trumbull (board), denying her application for a variance to create two interior lots on her property. The record reflects the following facts. On July 28, 1960, the plaintiff purchased the 1.5047 acre property known as 28 Calhoun Avenue which consists of lots 53, 54, 55, and parts of 51 and 52. The deed stated in part that the property consisted of a "certain piece or parcel of land . . . known as Lots Nos. 53, 54, and 55 and the Southerly 1/2 of Lots Nos. 51 and 52 . . . and bounded: CT Page 692 NORTHERLY on the remaining portions of Lots Nos. 51 and 52 in said block, about 355 feet; EASTERLY on Ridge Avenue, 191.5 feet, more or less; SOUTHERLY on land formerly of Estate of George W. Cole, 448 feet, more or less; WESTERLY on Calhoun Avenue, 145.95 feet more or less." Ridge Avenue was a so-called "paper street" which has never been constructed. The property which was to be used for Ridge Avenue was conveyed to Bridgeport Hydraulic in 1949, eleven years before the plaintiff bought 28 Calhoun Avenue. On December 28, 1989, Bridgeport Hydraulic sold the property to the State of Connecticut. Additionally, in 1974, the plaintiff's property was the subject of an adverse possession claim. A neighbor was awarded 13.49 feet of frontage on Calhoun Avenue and a small strip of land from the property deeded to the plaintiff. The plaintiff also granted a 21.37 foot easement to Lots 54 and 55 for access to the lots from Calhoun Avenue.
The zoning regulations, effective in 1959, required building lots to contain at least one-half acre and to have a minimum road frontage of 125 feet. Prior to the 1959 amendments, the zoning regulations provided that the building lots be one-quarter of an acre and have a minimum road frontage of 75 feet. The subdivision containing the property at issue in this appeal was established prior to the amended regulations. The property therefore, pursuant to § 8-26a(b),[2] need not conform with the requirements of the amended regulations. Nevertheless, the plaintiff requires a variance from the pre-1959 frontage requirements to utilize the property in the manner she proposes.
On October 14, 1993, the plaintiff applied for a frontage variance to use the 21.37 foot wide easement through her property to access the two lots in the back portion of her property. A hearing was held on November 3, 1993 and November 22, 1993. On November 23, 1993, the board denied the application for the following reasons:[3]
"1) No zoning hardship was established. Applicant's personal needs, preferences, and circumstances do not justify a variance.
"2) This is a self-created economic hardship which does not justify [a] variance. The applicant bought the property with knowledge that Ridge Road did not exist. CT Page 693
"3) This proposal is not in harmony with the purpose and intent of the zoning regulations.
"4) The topography is such that emergency vehicle access to the two proposed rear dwellings may be hazardous or difficult at best, resulting in a threat to health, safety, and welfare."
The October 14, 1993 application to the zoning board is the latest in a series of applications for variances made by the plaintiff. On September 30, 1986, the plaintiff applied for variances to enable her to subdivide her property in order to create two new lots out of her property. The plaintiff requested a variance to create an interior lot, to reduce the frontage requirements on each lot and to reduce the required rear setback line on one lot. The frontages on Calhoun Avenue of the two lots would be 115.56 and 21.37 feet. After initially approving the petition on October 27, 1986, the zoning board of appeals, at a November 5, 1986 executive session meeting, tabled its decision as to the petition. On January 7, 1987, the zoning board of appeals denied the application for the following reasons: "1) It would not be in harmony with the general purpose and intent of the zoning regulations as topographical conditions pertaining to this lot are such that public health, safety and welfare would not be secured; 2) Knowing of zoning at time of purchase, applicant suffers a self-imposed economic hardship which does not justify the variance; and 3) No hardship was established. Applicant's personal needs, preferences, circumstances do not justify a variance." The plaintiff appealed this decision to the superior court. The court(Zoarski, J.) dismissed the appeal on the grounds that the January 8, 1987 decision was fundamentally fair and based on substantial evidence.[4]
On April 11, 1990, the plaintiff also applied for a variance to subdivide the property into two lots. The proposed lots were the same as the earlier application. The plaintiff requested a similar variance as to the frontage requirements on each lot. The board denied the application on June 6, 1990, for the following reasons: "1) No zoning hardships was established. Applicants's personal needs, preferences, and circumstances do not justify a variance; 2) Knowing of zoning at time of purchase, applicant suffers a self-imposed economic hardship which does not justify a variance; and 3) It would not be in harmony with the general purpose and intent of the zoning regulations as topographical conditions pertaining to the CT Page 694 interior lot are such that public health, safety and welfare would not be secured." The plaintiff appealed this decision to the superior court. The court (Dean, J.) dismissed the appeal because "the record contained no evidence of hardship and on the additional ground that the same application was heard and ruled on by Zoarski, J." The plaintiff did not appeal from either superior court decision.
 I
"In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Citations omitted; internal quotation marks omitted.) Francini v. Zoning Board ofAppeals, 228 Conn. 785, 791, 639 A.2d 519 (1994). "The question is not whether the trial court would have reached the same conclusion, but whether the record supports the decision reached." Burnham v. Planning Zoning Commission, 189 Conn. 261,265, 455 A.2d 339 (1983).
"`A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . Thus the power to grant a variance should be sparingly exercised.' Allen v. Zoning Board of Appeals, 155 Conn. 506,510, 235 A.2d 654 (1967)." Kaeser v. Zoning Board of Appeals,218 Conn. 438, 445, 589 A.2d 1229 (1991). "It is well established . . . that the granting of a variance must be reserved for unusual or exceptional circumstances. Dolan v.Zoning Board of Appeals, 156 Conn. 426, 429, 242 A.2d 713
(1968); Ward v. Zoning Board of Appeals, 153 Conn. 141, 145,215 A.2d 104 (1965); Krejpcio v. Zoning Board of Appeals, 152 Conn. 657,661-61, 211 A.2d 687 (1965); Kelly v. Zoning Board ofAppeals, 21 Conn. App. 594, 598, 575 A.2d 249 (1990). `An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as CT Page 695 opposed to the general impact which the regulation has on other properties in the zone.' Dolan v. Zoning Board of Appeals,
supra, 430. Accordingly, we have interpreted General Statutes (Rev. to 1993) § 8-6 to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: `(1) the variance must be shown not to substantially affect the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.' (Internal quotation marks omitted.) Grillov. Zoning Board of Appeals, 206 Conn. 362, 368, 537 A.2d 1030
(1988); Smith v. Zoning Board of Appeals, 174 Conn. 323, 326,387 A.2d 542 (1978)." (Footnote omitted.) Bloom v. Zoning Boardof Appeals, 233 Conn. 198, 207, 658 A.2d 559 (1995).
"The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. ` Whittaker v. Zoning Board of Appeals,179 Conn. 650, 658, 427 A.2d 1346 (1980). `Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance.' Id." Kaeserv. Zoning Board of Appeals, supra, 218 Conn. 445.
 II A.
On appeal, the board contends that there was nothing significantly new or changed in the property subsequent to the prior denials of the applications for variances. The plaintiff contends that the three lots and the 21. 37 foot wide easement already exist on the property so the request to use the properties is a change from using the property to make two lots as sought in the previous applications. The plaintiff further contends that introducing the previous applications at the public hearing unduly confused the board. She argues that the two previous applications were for resubdivision applications, and that the present application seeks only a single variance from the frontage requirements.[5]
"[A] valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, CT Page 696 as a judgment of a court." 2 Restatement (Second), Judgments § 83(1) (1982). "`The legal doctrines of res judicata and collateral estoppel are designed to "promote judicial economy by preventing relitigation of issues or claims previously resolved." Scalzo v. Danbury, 224 Conn. 124, 127, 617 A.2d 440
(1992).' Genovese v. Gallo Wine Merchants, Inc., 226 Conn. 475,484, 628 A.2d 946 (1993)." DeMilo Co. v. Commissioner ofMotor Vehicles, 233 Conn. 281, 659 A.2d 162 (1995).
"If it appears that there was a similar, prior variance application which was denied for the same property, the zoning board of appeals could not properly grant a variance application." Fuller, Land Use Law and Practice, § 9.6, p. 157 (1993). It is the settled rule of "law of this state which prohibits a zoning board of appeals from reversing its previous decision unless the facts and circumstances which actuated the decision are shown to have so changed as to vitiate or materially affect the reason which produced and supported it. . . . This rule has been applied in the context of successive applications or appeals to a zoning board which, whether or not seeking similar relief or based on similar facts, were procedurally distinct. . . ." (Citations omitted; internal quotation marks omitted.) Sharp v. Zoning Board of Appeals,Easton, Superior Court, judicial district of Fairfield at Bridgeport, No. 285052 (1994) ; cf. Johnson v. Zoning Board ofAppeals, Superior Court, Judicial District of Fairfield, No. 319303 (1995).
"The rule [prohibiting a zoning board of appeals from reversing a previous decision] is grounded in the necessity to deter the exertion of improper influences and lend finality to the board's determination; Rocchi v. Zoning Board of Appeal,157 Conn. 106, 111 (1968); and to prevent interested parties from being "`unduly harassed and injured through being called upon to contest repeated and frequently recurring agitations pertaining to the same subject matter. "` Bright v. Zoning Board ofAppeals, 149 Conn. 698, 705, 183 A.2d 603 (1962). `The determination as to whether the application under review is substantially the same as the prior application . . . is for the defendant [commission] to determine in the first instance.'Bradley v. Inland Wetlands Agency, 28 Conn. App. 48, 51,609 A.2d 1043 (1992). In reviewing that determination on appeal, the function of the court is not to reach its own conclusion upon subordinated facts `but only to determine whether the conclusion of the commission on those facts was unreasonable or CT Page 697 illogical'; Hoffman v. Kelly, supra, 617 ; or an abuse of its discretion. Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 311-12, 592 A.2d 953 (1991)." MarionRoad Assn. v. Planning Zoning Commission, Superior Court, judicial district of Fairfield at Bridgeport, No. 304365 (1994).
The September 30, 1986 application requested variances to build two lots on the plaintiff's property, consisting of a one acre lot with frontage on Calhoun Avenue and one half acre lot as a rear lot with a 21.37 foot wide driveway onto Calhoun Avenue for ingress and egress. The next application dated April 11, 1990, requested variances to divide the property into the same two lots. The board denied these applications for similar reasons as it denies the present application. The present application seeks the same result as the earlier applications, to create a route of ingress and egress to the back portion of the plaintiff's property, except the most recent application proposes to use the property for two back lots instead of the one back lot requested previously.
Had the board denied the plaintiff's application because it was duplicative of a prior application, this court may well have been constrained to uphold such a decision. See Johnson v.Zoning Board of Appeals, supra, Superior Court, judicial district of Fairfield, No. 319303 (1995). However, that was not the reason for the board's denial. It is well established that where, as here, a zoning board has formally stated the reasons for its decision, the court should not go behind that official collective statement and attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the board to reach the board's final collective decision. National Associated Properties v. Planning ZoningCommission, 37 Conn. App. 788, 797, 658 A.2d 114, cert. denied,234 Conn. 915, 660 A.2d 356 (1995). Since the board enumerated substantive reasons for its decision, the court will only examine the validity of those reasons.
 B
The plaintiff contends that she is entitled to a variance to enable her to utilize the two legal building lots that exist in the back portion of her property. She claims that "[h]er inability to use these lots is an unnecessary hardship caused by: 1) the denial of the defendant Board to grant her variance; 2) the change in the zoning regulations; 3) the effective CT Page 698 disappearance of a road which fronted her two legal building lots and otherwise provided access to these lots; and 4) loss of frontage to her property in an adverse possession action." She claims that she was in no way responsible for creating the hardship. The board, on the other hand, contends that there is substantial evidence in the record to support the board's denial of the application.
The supreme court's decision in Grillo v. Zoning Board ofAppeals, 206 Conn. 362, 372, 537 A.2d 1030 (1988), is instructive here. Grillo held that a mere decrease in property value or other financial loss does not constitute a hardship sufficient to mandate the issuance of a variance. The supreme court ruled that the applicant's undersized lot would not be rendered of minimal value in the absence of a variance because the lot had value as a side yard. The lot abutted a house and another lot owned by the applicant and was being used by the applicant as a side yard. The court reasoned, therefore, that the lot had value as a side yard because it would enhance the price of the applicant's house. Moreover, the abutting neighbor had offered to purchase the lot for use as a side yard on his property. Id.; cf. Pike v. Zoning Board of Appeals, 31 Conn. App. 270,624 A.2d 909 (1993) (distinguishing its facts fromGrillo because the lot in Pike did not abut any other property owned by the plaintiff and there was no indication in the record that anyone had demonstrated interest in purchasing the lot).
This court has previously disagreed with a finding of a zoning board of appeals that a variance not unlike that sought here would adversely affect the comprehensive zoning plan. SeeBigley v. Board of Zoning Appeals, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307018 (1995) The variance at issue in that case would have created a lot without the required fifty feet of frontage. The rear portion lot, would equal or exceed those of virtually every other lot in the immediate area. This court found that "[l]ike many beach-front areas in southern Connecticut, the plaintiff's property is in a neighborhood marked by tiny, undersized lots, many of which have little road frontage." The court ruled that "in light of the character of the neighborhood, there is no substantial evidence that the requested variances would affect substantially the comprehensive zoning plan. See Fuller, Land Use Law and Practice § 9.2 (1995 Sup. )." Ibid. Nevertheless, this court dismissed the appeal because the hardship claimed by the plaintiff was "nothing more than a claim of financial hardship. " CT Page 699 Ibid. "Absent a situation amounting to confiscation, financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance, and does not constitute hardship. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235,239, 303 A.2d 743 (1972); Fuller, op. cit. § 9.3, p. 152. "`Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship. " Thayer v. Board of Appeals, 114 Conn. 15, 22, 157
n. 1, 118 A.2d 894 (1988). "Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect." Carlson v.Zoning Board of Appeals, 158 Conn. 86, 89-90, 255 A.2d 841
(1969).' Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369,537 A.2d 1030 (1988). Such is not the case here." Ibid.
The hardship the plaintiff claims is the inability to use two back lots on her property as separate lots. This hardship is "nothing more than a claim of financial hardship. " SeeBigley v. Board of Zoning Appeals, supra. There is no evidence in the record that a denial of the variance would result in confiscation of the property. The lots have value at the present time serving to increase the size of the plaintiff's back yard. The lots would enhance the market price should the property be sold. The loss of the potential financial advantage of creating two additional lots is not a proper basis for a variance.
Moreover, the plaintiff's reliance on the future development of Ridge Avenue does not create a hardship. The plaintiff claims in her brief that she relied on the representations of the real estate broker in that she was acquiring the same prospects for further development as the predecessor in interest had acquired. She claims to have had no knowledge that Ridge Avenue would not be improved. This, too, does not justify the granting of a variance. In Spencer v.Zoning Board of Appeals, 15 Conn. App. 387, 544 A.2d 676 (1988), the court held that the plaintiff purchased the property with adequate notice that subdividing it would mean that neither CT Page 700 resulting lot would conform to the zoning regulations. The court concluded that "the plaintiff voluntarily assumed any hardship when she purchased the parcel." Id., 391. If the plaintiff in the present case was concerned about the use of the property adjacent to her property, a title search at the time of purchasing the property would have reflected Bridgeport Hydraulic's ownership of the property upon which Ridge Avenue was a mere paper street. The plaintiff's predecessor in title, Clark and German, had conveyed to the Hydraulic Company, the property adjoining and to the east of the plaintiff's property and recorded the deed in 1949, eleven years prior to the plaintiff purchasing the property.
"It is clear that for a hardship to justify the granting of a variance, the hardship must be different in kind from that affecting general properties in the same zoning district. . . ." (Citations omitted.) Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 239, 303 A.2d 743 (1972). The map of the neighborhood demonstrates that ten lots abut the proposed Ridge Avenue. There is no evidence in the record that portions of these lots were developed as rear lots. The plaintiff's property is not affected differently than other properties in the neighborhood.
The record demonstrates that the board has granted other variances for interior lots. However, "[i]t is axiomatic that a variance is granted with respect to a particular piece of property; see Garibaldi v. Zoning Board of Appeals, 163 Conn. 235,239, 303 A.2d 743 (1972)." Haines v. Zoning Board ofAppeals 26 Conn. App. 187, 191, 599 A.2d 399 (1991). "[T]hat the board granted a variance to another lot owner on the same street in a virtually identical situation is not a valid basis for granting a variance." Fuller, Land Use Law and Procedure, § 9.3, p. 151-52 (1993); see Haines v. Zoning Board of Appeals,
supra. Furthermore, the record does not demonstrate that there are similarities between the interior lot variances that the board has granted and the variance requested in the present application. Therefore, the granting of past variances does not justify the granting of a variance in this case.
There is substantial evidence in the record that the variance was properly denied. The appeal is dismissed.
BY THE COURT
Bruce L. Levin CT Page 701
Judge of the Superior Court