[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision by defendant Zoning Board of Appeals of the Town of Waterford in granting a variance to permit the location of a cabana as an accessory building in a location not authorized under the zoning regulations. For reasons hereinafter stated, the decision appealed from is reversed.
This appeal has been taken under the provisions of General Statutes § 8-8(3) which limits appeals from decisions of zoning boards of appeals to persons generally or statutorily aggrieved by such decisions. Pleading and proof of aggrievement are essential to establish subject matter jurisdiction over an appeal such as this. Hughes v. Town Planning and ZoningCT Page 5123-NNNCommission, 156 Conn. 505, 509 (1968).
In this case, the parties have stipulated to the fact that at all times since the decision appealed from the land owned by plaintiffs was and is within a radius of one hundred feet of the land involved in the decision under appeal. Accordingly, it is found that plaintiffs are statutorily aggrieved and have standing to prosecute their appeal under the provisions of § 8-8(3). Pierce v. Zoning Board of Appeals,7 Conn. App. 632, 636 (1986).
The record indicates that defendant Sullivan, owning real property in the Town of Waterford in an R-120 zone applied to defendant board for a variance on March 15, 1995. The application states that the property was acquired on April 30, 1987.
The petition was addressed to § 3.10 of the zoning regulations which covers the location of accessory buildings in residential and multi-family districts. This regulation provides that accessory buildings in such districts must be located only in rear yards or side yards in the rear half of the lot. The petition sought to vary the strict application of § 3.10 to allow a permitted accessory building "in the front yard (but not within the required front yard)."
The hardship claimed was that "(t)he rear yard is approximately 150 feet in width and is encumbered by a view easement and other restriction easements and rights of way of record, specifically those contained in a Deed in Volume 248 at page 883 of the Land Records of the Town of Waterford."
On May 4, 1995, defendant board held a public hearing on the application at which all parties at interest had an opportunity to speak and introduce evidence. On June 8, 1995, defendant board voted unanimously to approve the requested variance stating its reasons on the record.
This appeal followed the granting of the variance.
At the public hearing, it developed that the property in question consisted of a lot about four acres in area with a single-family dwelling and a number of accessory buildings. The property was bounded on its easterly side by Strand Road. On the south it was bounded by the waters of Long Island Sound. CT Page 5123-OOO
Defendant Sullivan proposed to remove the existing dwelling and replace it with a new house oriented towards the Sound. Presumably, this would be to take advantage of the view. As a part of the new construction, an in-ground pool would be located just easterly of the house. In connection with the pool, a 700-square foot cabana would be constructed. This structure would be located fifty-two feet westerly of the front lot line of the premises on Strand Road. Under the zoning regulations, the cabana would be located in the front yard being the area adjacent to the street. (See Zoning Regulations Figure A.)
The location of the cabana in the front yard would be in violation of § 3-10y of the zoning regulations which requires that all accessory buildings be located only in rear yards or side yards in the rear half of the lot.
There was evidence not in dispute that the property was acquired with a view easement providing that no structure could be built within a strip 150 feet in depth along the westerly boundary extending from the northerly boundary to Long Island Sound. Under the zoning regulations, this 150-foot strip constitutes the rear yard on which any accessory building would have to be located.
At the public hearing, it was argued that the easement prohibiting construction created hardship.
General Statutes § 8-6(3) empowers zoning boards of appeal "to determine and vary the application of zoning . . . regulations "in harmony with the general purpose and intent and with due consideration for conserving the public health, safety and convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such . . . regulations . . . would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."
Section 27.2.3 of the Waterford Zoning Regulations grants the board authority to vary the strict application of the regulations using language similar to General Statutes § 8-6(3). In addition to § 27.2.3 and General Statutes § 8-6(3), § 27.5 of the regulations lists certain minimum factors which the CT Page 5123-PPP zoning board of appeals must consider before granting any variance.
A variance is authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations. Kelly v. Zoning Board of Appeals, 21 Conn. App. 594,597 (1990). The granting of a variance must be reserved for unusual or exceptional circumstances. Kelly, supra, 598.
Defendants have correctly pointed out certain restrictions which govern the court in deciding the issues presented.
Where a board has stated reasons for its action, the reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision.Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 50 (1984). If one of the stated reasons is reasonably supported by the record the conclusion of the board must stand. Weatherly v. TownPlanning Zoning Commission, 23 Conn. App. 115, 119 (1990). Where the board has failed to state its reasons on the record the court must search the record in an attempt to find some basis for the action taken. Carini v. Zoning Board of Appeals, 164 Conn. 169,171 (1972).
The function of the court in an appeal such as here is to review the record to determine if it reflects that the decision of the board is reasonably supported by the evidence. Swenson v.Planning Zoning Commission, 23 Conn. App. 75, 81 (1990). The court must not substitute its judgment for that of the board.Oakwood Development Corporation v. Zoning Board of Appeals,20 Conn. App. 458, 460 (1990).
The granting of a variance requires satisfaction of two conditions. If both conditions are met, the board must grant the variance. Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146,153 (1976).
As stated, authority of a zoning board of appeals to grant a variance under General Statutes § 8-6(3) requires the fulfillment of two conditions: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Boardof Appeals, 206 362, 368 (1988). CT Page 5123-QQQ
The first condition appears to be based upon the language of § 8-6(3) which deals with the variance being in harmony with the general purpose and intent of the zoning regulations and the requirement that it conserve the public health, safety, convenience, welfare and property values. Section 27.2.3 of the zoning regulations contains identical language and the requirements of § 27.5 are similar in nature.
Defendant board cited the following reasons for granting the variance.
 (1) Lot configuration — the lot has frontage on Long Island Sound, shifting the focus of development to the water as a front yard.
 (2) The proposed cabana has been located to satisfy the required front yard setback to Strand Road.
 (3) Existing accessory buildings are closer to Strand Road than the proposed cabana.
 (4) The existing accessory buildings and landscaping provide visual and sound protection to land from the proposed cabana.
 (5) Cabana as proposed facing South West would minimize transmission of sound to adjacent properties.
The reasons stated are all supported by the record but all are addressed to the first condition. None of the reasons cited are addressed to the second condition required for the granting of a variance. The reasons given by defendant board do not indicate a finding of exceptional difficulty on unusual hardship. Proof of hardship is a condition precedent to granting a variance. Point O'Woods Assn., Inc. v. Zoning Board of Appeals,178 Conn. 364, 368 (1979).
Since the reasons stated upon the record were not sufficient to meet the two-pronged test above stated the court must search the record to find some basis for the granting of the variance.Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 598 (1990).
Defendant Sullivan's claim, in the application and at the public hearing, was that the easement effectively prevented CT Page 5123-RRR construction, on what was the rear lot under the regulations, and that this constituted the hardship.
In this connection, it was argued that the house was to be oriented towards Long Island Sound so that the front yard would be treated as a side yard and the rear yard, on which construction is prohibited, would also become a side yard. The orientation of the house, however, is a matter of personal preference. The zoning regulations, which affect all properties in the area define what constitutes the front yard and the rear yard.
With respect to the easement which prevents construction in the rear yard, the case of Allen v. Zoning Board of Appeals,155 Conn. 506 (1967), governs the situation. In that case, Allen was prevented by a deed restriction from constructing an unattached garage. In deciding the case the Supreme Court stated "(i)t is apparent from the record that the difficulty concerning the placement of the garage arises primarily out of the restriction contained in his deed rather than out of the strict application of the zoning regulations themselves to his property. The board may grant a variance only when the exceptional difficulty arises out of the strict application of the regulations to the property." Allen, supra, 511.
The reasoning of Allen is applicable to the case. The problem which is the root cause of the difficulty arises not out of the zoning regulations but out of the deed restriction. The property was acquired with this restriction in 1987. The easement cannot be considered a hardship which would support the granting of a variance.
A review of the record indicates that even with the 150-foot view easement, the pool and cabana could be located on the property in accordance with the zoning regulations.
Since the record does not support a finding of hardship or exceptional difficulty as such terms are defined by law the, decision appealed from must be reversed. General Statutes §8-8(e).
Accordingly, judgment is rendered for the plaintiffs against the defendants, and the decision granting the variance is reversed. CT Page 5123-SSS
Purtill, J.